**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| CHARLES RICHARD HOMA; SUNSET FINANCIAL | : |
| SERVICES, LLC, C4T MANAGEMENT, INC., | : |
| T/P FUNDING SERVICES, INC., MICHAEL GAUSE | : |
| BILL J. SHORT, II, JIMMY B. ROOF, ROBERT C. | : |
| ELLENBURG, STEVEN SHANE NICHOLS, | : |
| CHARLES EDWARD DICKERSON, PHILIP A. | :   Civil Action No. |
| SHARPTON, BILCIN ENTERPRISES, INC., | :    99-cv-06895 |
| JIMMY B. ROOF, LLC, R. ELLENBURG, LLC, | :    Hon. Ronald A. Guzman |
| et al., | : |
| | : |
| Defendants, | : |
| and | : |
| LINDY L. GAUSE, LINDA L. NICHOLS AND | : |
| NICHOLS AND ASSOCIATES, | : |
| | : |
| Relief Defendants. | : |

---

## NOTICE OF RECEIVERSHIP

NOW COMES Phillip S. Stenger, by and through his attorneys, Stenger &

Stenger, P.C., as the Court-appointed Receiver for Caribbean Ventures International, Inc.

provides notice of his appointment as receiver pursuant to 28 U.S.C. §754 and files with

the Clerk a copy of the Complaint (attached as **Exhibit A**) Temporary Restraining Order

(attached as **Exhibit B**) and Appointment Order (attached as **Exhibit C**).

Respectfully Submitted,
STENGER & STENGER, P.C.
Attorneys for the Receiver

Dated: March 9, 2007                By:    _____
                                           Sara Fazio (90785296)
                                           Business Address:
                                           4095 Embassy Drive, S.E., Suite A
                                           Grand Rapids, MI 49546
                                           Telephone:  (616) 940-1190

## EXHIBIT A

**Complaint**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,              :
                                                  :
                Plaintiff,                        :
v                                                 :
                                                  :
CHARLES RICHARD HOMA; SUNSET FINANCIAL           :
SERVICES, LLC, C4T MANAGEMENT, INC.,             :
T/P FUNDING SERVICES, INC., MICHAEL GAUSE        :
BILL J. SHORT, II, JIMMY B. ROOF, ROBERT C.      :
ELLENBURG, STEVEN SHANE NICHOLS,                 :
CHARLES EDWARD DICKERSON, PHILIP A.              :        Civil Action No.
SHARPTON, BILCIN ENTERPRISES, INC.,              :        99-cv-06895
JIMMY B. ROOF, LLC, R. ELLENBURG, LLC,           :        Hon. Ronald A. Guzman
et al.,                                           :
                                                  :
                Defendants,                       :
and                                               :
                                                  :
LINDY L. GAUSE, LINDA L. NICHOLS AND             :
NICHOLS AND ASSOCIATES,                          :
                                                  :
                Relief Defendants.                :

## MOTION FOR DEFAULT, TURNOVER ORDER, INJUNCTIVE RELIEF AND APPOINTMENT OF PHILLIP S. STENGER AS RECEIVER FOR CARIBBEAN VENTURES INTERNATIONAL, INC.

Pursuant to Rules 65(b) and (d) of the Federal Rules of Civil Procedure and federal common law, the Receiver, Phillip S. Stenger, by and through his attorneys, Stenger & Stenger, P.C., moves this Court to enter an order (1) defaulting Caribbean Ventures International, Inc.; (2) directing the turnover of Caribbean Ventures International Inc.'s ("CVI II") assets; (3) permanently enjoining CVI II and its officers, directors, employees, liquidators, receivers, or any other person or entity who receives actual notice of such by personal service or otherwise, including domestic and international financial institutions, from transferring, selling, assigning, encumbering, pledging, dissipating, concealing or otherwise disposing of in any manner any funds, assets or other property belonging to, or in the possession, custody or control of, CVI II; and (4) appointing Phillip S. Stenger as receiver for CVI II:

90765

1.      On November 2, 1999, this Court appointed Phillip S. Stenger to act as Receiver for the assets of Charles Richard Homa ("Homa") for the benefit of defrauded investors in the Cash 4 Titles ("C4T") Ponzi Scheme.  The Receiver's general mandate is to marshal C4T related assets for the benefit of investors.

2.      In discharging his duties, the Receiver brought a motion for contempt against Paul M. Jones ("Jones") and David A. Pollock ("Pollock") for violating various orders of the Court and for converting funds fraudulently raised in the C4T Ponzi Scheme for their own personal benefit.

3.      On August 3, 2006, after a trial on the matter, this Court entered an order finding Pollock and Jones in contempt of court, and ordering them, jointly and severally, to disgorge in excess of $7.2 million in funds that they misappropriated in violation of the Court's October 15, 1999 and October 18, 1999 freeze orders ("Award").  The Court specifically found that Pollock and Jones and Richard Homa had engaged in a conspiracy to launder and harbor C4T Funds, including $3 million placed into a company that Pollock created in 1998 called "Caribbean Ventures International," which was originally designed as holding company for a bank that Pollock, Jones and Homa created in Dominica, called "Banc Caribe."  The Court found that Pollock and Jones misappropriated the C4T Funds in Caribbean Ventures in 1999, as well as C4T funds in related companies called "Caribe Realty" and "Caribe Air" and in a bank account in Banc Caribe, for a total of misappropriation of $7.2 million.  The Court additionally ordered Pollock and Jones to appear before it on August 31, 2006, to provide a specific plan and timetable for the payment of the sums so ordered.

4.      Jones appeared on August 31, 2006, but had no plan or timetable for payment of the Award.  He was subsequently incarcerated so as to coerce compliance with the Award.  Pollock intentionally did not appear and a body attachment order was issued against him.   He is currently a fugitive, living in St. Lucia, and has not paid anything towards the Award. To date, Jones has paid $612,953.83, leaving a balance of approximately $6.6 million to be paid on the Award.

5.      On or about October 17, 2006, in order to aid in Pollock's compliance with the Award, the Receiver moved this Court for temporary, preliminary and permanent relief against CVI II, a Delaware holding company formed by Pollock in June of 2000 in order to hold at least 3 personal luxury boats that he intended to purchase with part of his C4T misappropriated funds and, which boats he wanted to be registered with the United States Coast Guard. The Coast Guard requires that boats registered with it be owned by a United States Corporation. A search of the records of the United States Coast Guard indicates that there are a total of three boats registered to CVI II: "Reel Time," a 32 foot, 1991 Luhrs pleasure boat; "Offshore Manor," a 36 foot, 1992 Sea Ray pleasure boat; and "Thunder," a 43 foot, 1992 Wellcraft pleasure boat.    Testimony from Jones indicated that all 3 boats were purchased with C4T misappropriated funds. An Amended Motion was amended and refiled on November 1, 2006 (collective the Motion and amended motion are described as the "Claim").

6.      On or about October 17, 2006, this Court granted a temporary restraining order enjoining CVI II and its officers, directors, shareholders, agents and employees from dissipating any assets owned by the Company, as well as appointing the Receiver as "receiver" of the Company.

7.      CVI II appeared through counsel, admitted that CVI II was owned by Pollock and his wife Kelly, that it was merely a company holding title to the 3 boats, and stipulated to the continuation of the temporary restraining order pending a resolution of the merits of the Receiver's Motion.    An agreed Order continuing the show cause hearing to an open date and continuing the injunction until the end of the Hearing was entered on October 25, 2006.

8.      On November 14, 2006, the Court authorized the issuance of subpoenas to Pollock and Kelly Pollock pursuant to 28 U.S.C. §1783 so that their interests and the source of funding for their interests in CVI II could be explored under oath in order to determine the merits of the Receiver's Motion. See "Order" attached Exhibit 1. The Order warned CVI II, Pollock and Kelly Pollock that if the Pollocks failed to appear that "CVI II may be defaulted and the asset turnover, injunctive and Receivership relief requested by the Receiver in his Amended Motion may be summarily granted." See Paragraph 6.

3

9.      On November 15, 2006, subpoenas were issued commanding Pollock and Kelly Pollock to attend their depositions, scheduled for November 29, 2006 in Chicago, Illinois.  The subpoenas and Order were served on Pollock and Kelly Pollock by fax on or about November 15, 2006; on CVI II by federal express on February 16, 2006.  See Exhibit 2.  A process server personally appeared at the Pollock's residence on November 17, 20, 24, 28th and 29, in order to serve copies and the tendered check ordered by the Court, but the Pollocks refused to answer the door.  See proof of service attached as Exhibit 3.

10.     Despite being served with the Subpoenas and Order and while voicing no objections prior to the scheduled depositions and without giving the Receiver or his counsel the courtesy of any advance information as to whether they would be showing, Pollock and Kelly Pollock failed to attend the depositions as noticed.  See transcript attached hereto as Exhibit 4.

11.     As a result of the failure of CVI II to produce its officers and sole shareholders and of its officers and shareholders, Pollock and Kelly Pollock, to comply with the Order and Subpoenas, the Court should declare CVI II to be in default on the Amended Motion and make the following findings:

A.  Pollock incorporated CVI II in 2000 in Delaware at the time he was expecting to receive or had receive the initial payments from the sale of Banc Caribe, which was exclusively funded by Charles Richard Homa from C4T investor funds.

B.  At the time of incorporation, Pollock was the only officer, director and shareholder of CVI II.

C.  The assets of CVI II are "Reel Time," a 32 foot, 1991 Luhrs pleasure boat; "Offshore Manor," a 36 foot, 1992 Sea Ray pleasure boat; and "Thunder," a 43 foot, 1992 Wellcraft pleasure boat, which were all purchased with C4T funds misappropriated by Pollock.

D.  CVI II has no operations and no apparent creditors and no one claims to own an interest in it, except Pollock and his wife, Kelly.

4

E.  In January of 2003, Pollock wanted to shield the assets of CVI II from possible attachment in this action. Accordingly, he conspired with his wife Kelly to attempt to dilute his shares in CVI II in order to show Kelly as the majority shareholder. Whatever consideration Kelly supposedly paid to CVI II or to Pollock for the additional shares was consideration that merely shifted assets within the marital estate that were misappropriated from C4T investors, and was merely designed to thwart possible collection in this matter. Indeed, Pollock continued to act as President of his Company. Kelly Pollock, Pollock and CVI II are estopped from denying that Pollock is the beneficial owner of CVI II.

F.  CVI II is an asset of Pollock and its boats have value which could be realized and applied to the contempt Award, and it would thus be in the best interests of the Receivership Estate to appoint Phillip S. Stenger as Receiver of CVI II and to promptly liquidate the 3 boats to maximize the value of its assets to apply to the disgorgement ordered of Pollock by the Court in its August 3, 2006 Opinion.

G.  Pollock has taken no steps to purge his contempt.

12.  As previously stated, Pollock has repeatedly thwarted this Court's orders, and has intentionally, and with rapidity, moved to dissipate and place assets beyond the Court's reach in reaction to what was happening in the instant case. CVI II, Pollock, Kelly Pollock and any officers, agents, employees or anyone else acting in concert should be permanently enjoined, restrained and otherwise prohibited from moving, dissipating, selling, transferring or encumbering "Reel Time," a 32 foot, 1991 Luhrs pleasure boat; "Offshore Manor," a 36 foot, 1992 Sea Ray pleasure boat; and "Thunder," a 43 foot, 1992 Wellcraft pleasure boat or any other assets, interests or other property of CVI II and from otherwise interfering with the Receiver's efforts to liquidate such assets and apply the proceeds to the Award. See Proposed Order, attached as Exhibit 5.

13.    The Court should order above assets should be turned over to the Receiver and the Receiver appointed receiver over CVI II so that it can liquidate those assets and apply to the proceeds to the Award.

14.    No security should be required because the Receiver is an officer of a court of the United States, duly appointed by it pursuant to the request of the SEC, and hence qualifies as an "officer" of the United States as that term is used in Fed.R.Civ.P. 65(c).


STENGER & STENGER, P.C.
Attorneys for the Receiver


/s/ Douglas W. Van Essen

December 14, 2006                    By:_____
Douglas W. Van Essen (90785000)

BUSINESS ADDRESS:
4095 Embassy Drive, S.E. - Suite A
Grand Rapids, MI 49546
PH: (616) 940-1190; FAX (616) 940-1192
doug@stengerlaw.com


**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing document(s) was served upon the attorneys of record or parties appearing in pro per in the above cause by mailing the same to them at their respective address(es) via electronically or by United States Mail with postage prepaid thereon, on the 14th day of December, 2006.


/s/ Georgia Gene Palmatier
_____
Georgia Gene Palmatier, Notary Public
Kent County acting in Kent County, Michigan
My Commission Expires: 09/26/12

6

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v | :    Civil Action No.: 99-cv-06895 |
| CHARLES RICHARD HOMA; SUNSET FINANCIAL SERVICES, LLC, C4I MANAGEMENT, INC., I/P FUNDING SERVICES, INC., MICHAEL GAUSE, et al | :    Hon Ronald A Guzman |
| Defendants, | : |
| and | : |
| LINDY L GAUSE, LINDA L NICHOLS AND NICHOLS AND ASSOCIATES, | : |
| Relief Defendants | : |

## ORDER AUTHORIZING SUBPOENAS DUCES TECUM

The Receiver, Phillip S Stenger, ("Receiver") having moved this Court for an order authorizing him to issue subpoenas duces tecum compelling the depositions of the Respondent, Caribbean Ventures International, Inc ("CVI II") and its President, David A Pollock, and its alleged majority shareholder, Kelly Pollock; the Court having held hearings on the Motion on November 1, 2006 and November 6, 2006; the Court having ruled from the bench at those two

hearings, which rulings are incorporated herein by reference; and the Receiver and CVI II having conferred to agree on a deposition date;

**IT IS ORDERED** as follows:

1    The Receiver is authorized to issue the subpoenas duces tecum attached hereto as Exhibit A, B and C, to the following United States entity and citizens for depositions to be held in Chicago on November 29, 2006, at the offices of Foley & Lardner LLP, 321 North Clark Street, Illinois 60610:

a    "CVI II" to produce a corporate representative to testify on its behalf regarding issues as identified in the subpoena rider attached as Exhibit A;

b    "David A Pollock" to testify and produce at the deposition the documents identified in the rider attached as Exhibit B;

c    "Kelly Pollock" to testify and produce at the deposition the documents identified in the rider attached as Exhibit C

2    Pursuant to FRCP 45 and 28 U S C §1783(b), the Receiver shall tender with the subpoenas to David Pollock and Kelly Pollock the estimated necessary travel and attendance expenses of $2,088,28, as projected in attached Exhibit D, and the Receiver is hereby authorized to transfer such funds out of the Receiver's Frozen Account No 7504444436 to the Receiver's Operating Account No 7514285084 in order to fund this tender.

3    Service by any or all of the following means shall be deemed reasonable and sufficient on that respective party for purposes of FRCP 4(f)(3):

a    federal express to CVI II's resident agent and to David and Kelly Pollock's Rodney Bay address in St Lucia;

  b  PDF and e-mail to the last known e-mail addresses of David and Kelly Pollock;

  c  confirmed fax to the last known telefax number of David and Kelly Pollock; or

  d  personal service on David or Kelly Pollock

  4  The Receiver shall also send a courtesy copy of this Order and the subpoenas to the High Court of St Lucia, c/o Isabella Shillingford, Registry Department Reynir Castries, St Lucia, Windward Island 8045212574

  5  The Receiver shall promptly file a proof of service detailing his efforts to serve a copy of this Order and the subpoenas

  6  CVI II, David Pollock and Kelly Pollock are placed on notice that, in the event that they collectively or individually fail to appear for their scheduled depositions, CVI II may be defaulted and the asset turnover, injunctive and Receivership relief requested by the Receiver in his Amended Motion may be summarily granted

Dated: November 14, 2006    So entered:

HONORABLE RONALD A GUZMAN
UNITED STATES DISTRICT COURT JUDGE
NORTHERN DISTRICT OF ILLINOIS

# EXHIBIT A

SoAO88  (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

| Securities and Exchange Commission | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V | |
| Richard Homa, et al | Case Number:[1]  99 cv 06895 |

TO:
Caribbean Ventures International, Inc , The Company Corporation, 2711 Centerville Road - Suite 400
Wilmington, DE  19808

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Foley & Lardner | ☒  11/29/06  9:00 a.m  CST |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Rider

| PLACE | DATE AND TIME |
|---|---|
| See above | See above |

G   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| | 11/09/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Douglas W. Van Essen, Attorney for Receiver, 4095 Embassy Drive
Grand Rapids, MI  49546     (616) 940-1190

(See Rule 45 Federal Rules of Civil Procedure  Parts C & D on next page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

### Rider to Caribbean Ventures International Subpoena

1    Capitalization of Caribbean Ventures International , Inc ("Company") at any and all times

2    All records produced by the Company

3    All purchases and sales of any and all assets of the Company, including any and all boats

4    The purpose for incorporation of the Company, including the selection of Delaware

5    All distributions or issuance of stock by the Company

6    Any matter involved in the Company's defense or opposition to the Receiver's motion for preliminary injunction, appointment of a receiver  and turnover of Company Assets

7    The circumstances behind the issuance of stock to Kelly Pollock, including date, and purpose and any consideration

# EXHIBIT B

AO88 (Rev. 1/94) Subpoena In a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

| Securities and Exchange Commission | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| Richard Homa, et al | Case Number: 99 cv 06895 |

TO:

David A. Pollock, Villa Caribe, Seagrape Cresent Road
Gros Islet, St. Lucia WI

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Foley & Lardner | 11/29/06   9:00 a m  CST |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Rider

| PLACE | DATE AND TIME |
|---|---|
| See above | See above |

**G** YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| | 11/09/06 |

ISSUING OFFICER'S NAME  ADDRESS AND PHONE NUMBER

Douglas W. Van Essen, Attorney for Receiver, 4095 Embassy Drive
Grand Rapids, MI  49546    (616) 940-1190

(See Rule 45, Federal Rules of Civil Procedure  Parts C & D on next page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Rider to David Pollock Subpoena**

     You are required to produce, pursuant to the attached subpoena, the following documents:

1)    All documents relating in any way to Caribbean Ventures International, Inc. (CVI, Inc.)

2)    Documents sufficient to show the source of all funds used to purchase all boats held as assets of CVI, Inc

3)    Documents sufficient to show whether the funds used to purchase the boats held by CVI, Inc were derived, directly or indirectly from Banc Caribe funds or any other moneys in any way related to the Ponzi scheme that is the subject of the underlying suit pursuant to which this subpoena has been issued

4)    Documents sufficient to show the source of funds used by Kelly Pollock purportedly used by her to purchase stock in CVI, Inc.

5)    All documents relating to any other capital contributions made by any person or entity to CVI, Inc., including, but not limited to, documents sufficient to show the source and use of such contributions.

6)    All documents relating to any payments relating to the maintenance, insurance and any other expenses relating to all boats held as assets of CVI, Inc., including without limitation, all invoices, receipts, insurance policies and documents sufficient to identify the source of any payments for any such expenses

7)    All tax returns of David Pollock from 1999 to the present

8)    financial statements, bank records, tax returns and other financial information regarding their personal finances and those of trusts and other companies that they control sufficient to show the source of funding for CVI and the boat purchases or for the January 2003 capital infusions that CVI contends Kelly Pollock made into the Company

# EXHIBIT C

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

| Securities and Exchange Commission | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V | |
| Richard Homa, et al | Case Number:[1]  99 cv 06895 |

TO:
Kelly Pollock, Villa Caribe, Seagrape Cresent Road
Gros Islet, St Lucia  WI

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Foley & Lardner | 11/29/06  9:00 a m  CST |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Rider

| PLACE | DATE AND TIME |
|---|---|
| See above | See above |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| | 11/09/06 |

ISSUING OFFICER'S NAME  ADDRESS AND PHONE NUMBER
Douglas W. Van Essen, Attorney for Receiver, 4095 Embassy Drive
Grand Rapids, MI 49546    (616) 940-1190

(See Rule 45 Federal Rules of Civil Procedure  Parts C & D on next page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
               DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of

clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

### Rider to Kelly Pollock Subpoena

You are required to produce, pursuant to the attached subpoena, the following documents:

1) All documents relating in any way to Caribbean Ventures International, Inc (CVI, Inc )

2) Documents sufficient to show the source of all funds used to purchase all boats held as assets of CVI, Inc.

3) Documents sufficient to show whether the funds used to purchase the boats held by CVI, Inc  were derived, directly or indirectly from Banc Caribe funds or any other moneys in any way related to the Ponzi scheme that is the subject of the underlying suit pursuant to which this subpoena has been issued

4) Documents sufficient to show the source of funds used by Kelly Pollock purportedly used by her to purchase stock in CVI, Inc.

5) All documents relating to any other capital contributions made by any person or entity to CVI, Inc , including, but not limited to, documents sufficient to show the source and use of such contributions

6) All documents relating to any payments relating to the maintenance, insurance and any other expenses relating to all boats held as assets of CVI, Inc , including without limitation, all invoices, receipts, insurance policies and documents sufficient to identify the source of any payments for any such expenses.

7) All tax returns of Kelly Pollock from 1999 to the present

8) financial statements, bank records, tax returns and other financial information regarding their personal finances and those of trusts and other companies that they control sufficient to show the source of funding for CVI and the boat purchases or for the January 2003 capital infusions that CVI contends Kelly Pollock made into the Company

# EXHIBIT D

## EXHIBIT D

### ESTIMATED TRAVEL AND ATTENDANCE EXPENSES
### FOR DAVID AND KELLY POLLOCK:

| | |
|---|---|
| **AIRFARE ESTIMATE:** | $1,610.28 |
| $805 14 per person RT Airfare, flying from Vieux Fort, St Lucia (Hewanorra Airport) to Chicago, and back:<br><br>AA=American Airlines UVF=Vieux Fort, St Lucia;<br>MIA=Miami; ORD=Chicago; DCA=Washington Reagan<br><br>AA2298S   28NOV   UVF-MIA   350P   640P   IU<br>AA1139S   28NOV   MIA-ORD   840P   1050P  IU<br>AA 644Q   30NOV   ORD-DCA   835P   1115P TH<br>AA2297V   01DEC   DCA-UVF   625A   245P  FR | |
| **ATTENDANCE ESTIMATE:** | |
| Witness Attendance Fees: $240 00<br>Pursuant to 28 U S C §1821(b), $40 per diem,<br>per person, for 3 days necessarily occupied in flying<br>from St Lucia to Chicago, attending the deposition,<br>and returning to St Lucia ]<br><br>Accommodation Expenses: $238 00<br>2 nights @ $119 00/night<br>Days Inn, 1816 N Clark, Chicago, IL 60614 | $ 478.00 |
| **TOTAL ESTIMATED TRAVEL AND ATTENDANCE EXPENSES**<br>**PAYABLE PURSUANT TO 28 U.S.C. § 1783(b):** | **$2,088.28** |

# EXHIBIT  2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v | : | |
| | : | |
| CHARLES RICHARD HOMA; SUNSET FINANCIAL | : | Civil Action No. 99-cv-06895 |
| SERVICES, LLC, C4T MANAGEMENT, INC , et al , | : | Hon Ronald A Guzman |
| | : | |
| Defendants, | : | |
| | : | |
| and | : | |
| | : | |
| LINDY L. GAUSE, LINDA L. NICHOLS AND | : | |
| NICHOLS AND ASSOCIATES, | : | |
| | : | |
| Relief Defendants. | : | |

**PROOF OF SERVICE**

STATE OF MICHIGAN )
                   )  ss.
COUNTY OF KENT     )

Kay Griffith Hammond, being first duly sworn, deposes and says that:

1.  On the 15th day of November, 2006, service of copies of the attached Court's November 14, 2006, *Order Authorizing Subpoenas Duces Tecum*, with attached *Exhibits A-C* (Subpoenas Duces Tecum to Caribbean Ventures International, Inc , its President, David A. Pollock and its alleged majority shareholder, Kelly Pollock, respectively) (the *"Order"*), ordering said entity and persons to appear for, and produce documents at, depositions to be held on November 29, 2006, at 9:00 a.m. CST, at the offices of Foley & Lardner LLP, 321 North Clark Street, Chicago, Illinois 60610, was accomplished upon David A. Pollock and Kelly Pollock via facsimile at (758) 452-9054

2.  On the 16th day of November, 2006, service of copies of the *Order* was accomplished by Federal Express upon Caribbean Ventures International, Inc.'s resident agent, The Company Corporation, at 2711 Centerville Road, Ste 400, Wilmington, DE 19808.

3.  On the 17th day of November, 2006, service of copies of the *Order* was accomplished upon all parties listed on the attached **Exhibit A**, by ECF as to Filing Users, and by facsimile, or, where applicable, by Federal Express or U.S. Mail, as to any party who is not a Filing User or represented by a Filing User

Kay Griffith Hammond

Subscribed and sworn to before me
this 17th day of November, 2006

Casey L. Smith, Notary Public
Muskegon County, Michigan
Acting in Kent County, Michigan
My Commission Expires:  08-07-2011

2

```
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
X                                                                  P.01    X
X                      TRANSACTION REPORT                                   X
X                    ----------------------         NOV-15-06 WED 02:29 PM  X
X                                                                           X
X   DATE  START    RECEIVER          TX TIME   PAGES TYPE    NOTE      M# DP X
X-------------------------------------------------------------------------- X
X  NOV-15 02:24 PM 99901699017584529054   5'16"   18  SEND    OK      361   X
X-------------------------------------------------------------------------- X
X                                                                           X
X                                            TOTAL :    5M 16S  PAGES:  18   X
X                                                                           X
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
```

## STENGER & STENGER

A PROFESSIONAL LAW CORPORATION

4095 EMBASSY DRIVE SE
SUITE A
GRAND RAPIDS, MI 49546
WEBSITE: STENGERLAW.COM
TELEPHONE: (616) 940-1190
FACSIMILE: (616) 940-1192

### FACSIMILE COVER SHEET

| | | | |
|---|---|---|---|
| TOTAL PAGES: | 18 | DATE: | NOVEMBER 15, 2006 |
| TO: | DAVID & KELLY POLLOCK | FAX NUMBER: | 758-452-9054 |
| FROM: | KAY HAMMOND | ORIGINAL MAILED: | |
| RE: | ORDER AUTHORIZING SUBPOENAS DUCES TECUM | | |

COMMENTS:

FedEx | Ship Manager | Label 7906 0853 0479

From.    Origin ID:    (616)940-1190
Sara Kandelac
STENGER & STENGER, P.C
4095 EMBASSY DRIVE S E  STE A

GRAND RAPIDS, MI 49546

Ship Date: 15NOV06
ActWgt: 1 LB
System#: 2170554/INET2500
Account#: S *********

REF: C4T/Pollock

SHIP TO:    (616)940-1190    BILL SENDER
**The Company Corporation**

2711 Centerville Rd. Ste. 400

**Wilmington, DE 19808**

Delivery Address Bar Code



**PRIORITY OVERNIGHT**                           **THU**
                                                 Deliver By:
TRK#   7906  0853  0479    FORM    16NOV06
                           0201
                                        PHL    A2

19808    -DE-US            **XB ILGA**

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide

https://www.fedex.com/cgi-bin/ship_it/unity/7HgYx5AiSr7Cd ...    11/15/2006

FedEx | Track

Track Shipments
**Detailed Results**

⑦ Quick Help

| | | | |
|---|---|---|---|
| Tracking number | 790608530479 | Reference | C4T/Pollock |
| Signed for by | S WILKS | Destination | Wilmington, DE |
| Ship date | Nov 15, 2006 | Delivered to | Mailroom |
| Delivery date | Nov 16, 2006 9:47 AM | Service type | Priority Envelope |
| | | Weight | 0 5 lbs |
| Status | Delivered | | |

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Nov 16, 2006 | 9:47 AM | Delivered | Wilmington, DE | |
| | 8:38 AM | On FedEx vehicle for delivery | NEW CASTLE, DE | |
| | 7:27 AM | At local FedEx facility | NEW CASTLE, DE | |
| | 6:24 AM | At dest sort facility | PHILADELPHIA, PA | |
| | 4:21 AM | Departed FedEx location | MEMPHIS, TN | |
| | 1:24 AM | Arrived at FedEx location | MEMPHIS, TN | |
| Nov 15, 2006 | 9:41 PM | Left origin | KENTWOOD, MI | |
| | 6:56 PM | Picked up | KENTWOOD, MI | |
| | 1:46 PM | Package data transmitted to FedEx | | |

[ Signature proof ]    [ E-mail results ]    [ Track more shipments ]

Subscribe to tracking updates (optional)

Your Name: |                              Your E-mail Address: |

| E-mail address | Language | | Exception updates | Delivery updates |
|---|---|---|---|---|
| | English | | | ☐ |
| | English | | | ☐ |
| | English | | | ☐ |
| | English | | | ☐ |

Select format: ⦿ HTML  ○ Text  ○ Wireless
Add personal message:

Not available for Wireless or
non-English characters.

☐ By selecting this check box and the Submit button, I agree to these Terms and
Conditions

[ Submit ]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v | : Civil Action No.: 99-cv-06895 |
| CHARLES RICHARD HOMA; SUNSET FINANCIAL SERVICES, LLC, C4I MANAGEMENT, INC , I/P FUNDING SERVICES, INC., MICHAEL GAUSE, et al | : Hon Ronald A. Guzman |
| Defendants, | : |
| and | : |
| LINDY L. GAUSE, LINDA L. NICHOLS AND NICHOLS AND ASSOCIATES, | : |
| Relief Defendants. | : |

## ORDER AUTHORIZING SUBPOENAS DUCES TECUM

The Receiver, Phillip S Stenger, ("Receiver") having moved this Court for an order authorizing him to issue subpoenas duces tecum compelling the depositions of the Respondent, Caribbean Ventures International, Inc. ("CVI II") and its President, David A. Pollock, and its alleged majority shareholder, Kelly Pollock; the Court having held hearings on the Motion on November 1, 2006 and November 6, 2006; the Court having ruled from the bench at those two

hearings, which rulings are incorporated herein by reference; and the Receiver and CVI II having conferred to agree on a deposition date;

IT IS ORDERED as follows:

1.     The Receiver is authorized to issue the subpoenas duces tecum attached hereto as Exhibit A, B and C, to the following United States entity and citizens for depositions to be held in Chicago on November 29, 2006, at the offices of Foley & Lardner LLP, 321 North Clark Street, Illinois 60610:

      a.     "CVI II" to produce a corporate representative to testify on its behalf regarding issues as identified in the subpoena rider attached as Exhibit A;

      b.     "David A. Pollock" to testify and produce at the deposition the documents identified in the rider attached as Exhibit B;

      c.     "Kelly Pollock" to testify and produce at the deposition the documents identified in the rider attached as Exhibit C.

2.     Pursuant to FRCP 45 and 28 U.S.C. §1783(b), the Receiver shall tender with the subpoenas to David Pollock and Kelly Pollock the estimated necessary travel and attendance expenses of $2,088.28, as projected in attached Exhibit D, and the Receiver is hereby authorized to transfer such funds out of the Receiver's Frozen Account No. 7504444436 to the Receiver's Operating Account No 7514285084 in order to fund this tender.

3.     Service by any or all of the following means shall be deemed reasonable and sufficient on that respective party for purposes of FRCP 4(f)(3):

      a.     federal express to CVI II's resident agent and to David and Kelly Pollock's Rodney Bay address in St. Lucia;

    b      PDF and e-mail to the last known e-mail addresses of David and Kelly

            Pollock;

    c.     confirmed fax to the last known telefax number of David and Kelly

            Pollock; or

    d,     personal service on David or Kelly Pollock.

4.     The Receiver shall also send a courtesy copy of this Order and the subpoenas to

the High Court of St. Lucia, c/o Isabella Shillingford, Registry Department Reynir Castries, St

Lucia, Windward Island 8045212574.

5,     The Receiver shall promptly file a proof of service detailing his efforts to serve a

copy of this Order and the subpoenas.

6.     CVI II, David Pollock and Kelly Pollock are placed on notice that, in the event

that they collectively or individually fail to appear for their scheduled depositions, CVI II may be

defaulted and the asset turnover, injunctive and Receivership relief requested by the Receiver in

his Amended Motion may be summarily granted.

Dated: November/4, 2006         So entered:

HONORABLE RONALD A. GUZMAN
UNITED STATES DISTRICT COURT JUDGE
NORTHERN DISTRICT OF ILLINOIS

EXHIBIT A

SA-AO88  (Rev. 1/90) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Securities and Exchange Commission | **SUBPOENA IN A CIVIL CASE** |
| v | |
| Richard Homa, et al | Case Number: 99 cv 06895 |

TO:
Caribbean Ventures International, Inc., The Company Corporation, 2711 Centerville Road - Suite 400
Wilmington, DE 19808

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Foley & Lardner | 11/29/06   9:00 a m  CST |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Rider

| PLACE | DATE AND TIME |
|---|---|
| See above | See above |

G  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| | 11/09/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Douglas W. Van Essen, Attorney for Receiver, 4095 Embassy Drive
Grand Rapids, MI 49546     (616) 940-1190

(See Rule 45 Federal Rules of Civil Procedure Parts C & D on next page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____        _____
            DATE              SIGNATURE OF SERVER

                              _____
                              ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of

clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

Rider to Caribbean Ventures International Subpoena

1    Capitalization of Caribbean Ventures International , Inc ("Company") at any and all
     times

2    All records produced by the Company

3    All purchases and sales of any and all assets of the Company, including any and all
     boats

4    The purpose for incorporation of the Company, including the selection of Delaware.

5    All distributions or issuance of stock by the Company

6    Any matter involved in the Company's defense or opposition to the Receiver's
     motion for preliminary injunction, appointment of a receiver  and turnover of
     Company Assets

7    The circumstances behind the issuance of stock to Kelly Pollock, including date, and
     purpose and any consideration

EXHIBIT B

S-AO88 (Rev. 1/91) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

| Securities and Exchange Commission | SUBPOENA IN A CIVIL CASE |
|---|---|
| V | |
| Richard Homa, et al | Case Number:[1]  99 cv 06895 |

TO:

David A. Pollock, Villa Caribe, Seagrape Cresent Road
Gros Islet, St. Lucia  WI

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Foley & Lardner | 11/29/06  9:00 a m  CST |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Rider

| PLACE | DATE AND TIME |
|---|---|
| See above | See above |

G  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| | 11/09/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Douglas W. Van Essen, Attorney for Receiver, 4095 Embassy Drive
Grand Rapids, MI  49546     (616) 940-1190

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____        _____
                 DATE                 SIGNATURE OF SERVER

                                      _____
                                      ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises   If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued   If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of

clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

<u>Rider to David Pollock Subpoena</u>

You are required to produce, pursuant to the attached subpoena, the following documents:

1) All documents relating in any way to Caribbean Ventures International, Inc (CVI, Inc.)

2) Documents sufficient to show the source of all funds used to purchase all boats held as assets of CVI, Inc

3) Documents sufficient to show whether the funds used to purchase the boats held by CVI, Inc were derived, directly or indirectly from Banc Caribe funds or any other moneys in any way related to the Ponzi scheme that is the subject of the underlying suit pursuant to which this subpoena has been issued

4) Documents sufficient to show the source of funds used by Kelly Pollock purportedly used by her to purchase stock in CVI, Inc

5) All documents relating to any other capital contributions made by any person or entity to CVI, Inc , including, but not limited to, documents sufficient to show the source and use of such contributions

6) All documents relating to any payments relating to the maintenance, insurance and any other expenses relating to all boats held as assets of CVI, Inc, including without limitation, all invoices, receipts, insurance policies and documents sufficient to identify the source of any payments for any such expenses.

7) All tax returns of David Pollock from 1999 to the present

8) financial statements, bank records, tax returns and other financial information regarding their personal finances and those of trusts and other companies that they control sufficient to show the source of funding for CVI and the boat purchases or for the January 2003 capital infusions that CVI contends Kelly Pollock made into the Company

**EXHIBIT C**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

Securities and Exchange Commission

v

Richard Home, et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   99 cv 06895

TO:
Kelly Pollock, Villa Caribe, Seagrape Cresent Road
Gros Islet, St. Lucia WI

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[x] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Foley & Lardner | 11/29/06  9:00 a m  CST |

[x] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Rider

| PLACE | DATE AND TIME |
|---|---|
| See above | See above |

G  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
|  | 11/09/06 |

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBER
Douglas W. Van Essen, Attorney for Receiver, 4095 Embassy Drive
Grand Rapids, MI 49546     (616) 940-1190

(See Rule 45 Federal Rules of Civil Procedure Parts C & D on next page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued  If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of

clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

<u>Rider to Kelly Pollock Subpoena</u>

You are required to produce, pursuant to the attached subpoena, the following documents:

1) All documents relating in any way to Caribbean Ventures International, Inc. (CVI, Inc.)

2) Documents sufficient to show the source of all funds used to purchase all boats held as assets of CVI, Inc.

3) Documents sufficient to show whether the funds used to purchase the boats held by CVI, Inc. were derived, directly or indirectly from Banc Caribe funds or any other moneys in any way related to the Ponzi scheme that is the subject of the underlying suit pursuant to which this subpoena has been issued

4) Documents sufficient to show the source of funds used by Kelly Pollock purportedly used by her to purchase stock in CVI, Inc.

5) All documents relating to any other capital contributions made by any person or entity to CVI, Inc., including, but not limited to, documents sufficient to show the source and use of such contributions

6) All documents relating to any payments relating to the maintenance, insurance and any other expenses relating to all boats held as assets of CVI, Inc., including without limitation, all invoices, receipts, insurance policies and documents sufficient to identify the source of any payments for any such expenses.

7) All tax returns of Kelly Pollock from 1999 to the present

8) financial statements, bank records, tax returns and other financial information regarding their personal finances and those of trusts and other companies that they control sufficient to show the source of funding for CVI and the boat purchases or for the January 2003 capital infusions that CVI contends Kelly Pollock made into the Company

EXHIBIT D

EXHIBIT D

## ESTIMATED TRAVEL AND ATTENDANCE EXPENSES
## FOR DAVID AND KELLY POLLOCK:

| AIRFARE ESTIMATE: | | | | | | $1,610.28 |
|---|---|---|---|---|---|---|
| $805.14 per person RT Airfare, flying from Vieux Fort, St. Lucia (Hewanorra Airport) to Chicago, and back: | | | | | | |
| AA=American Airlines UVF=Vieux Fort, St. Lucia; MIA=Miami; ORD=Chicago; DCA=Washington Reagan | | | | | | |
| AA2298S | 28NOV | UVF-MIA | 350P | 640P | TU | |
| AA1139S | 28NOV | MIA-ORD | 840P | 1050P | TU | |
| AA 644Q | 30NOV | ORD-DCA | 835P | 1115P | TH | |
| AA2297V | 01DEC | DCA-UVF | 625A | 245P | FR | |
| **ATTENDANCE ESTIMATE:** | | | | | | |
| Witness Attendance Fees: $240.00 Pursuant to 28 U.S.C. §1821(b), $40 per diem, per person, for 3 days necessarily occupied in flying from St. Lucia to Chicago, attending the deposition, and returning to St. Lucia ] | | | | | | |
| Accommodation Expenses: $238.00 2 nights @ $119.00/night Days Inn, 1816 N. Clark, Chicago, IL 60614 | | | | | | $ 478.00 |
| TOTAL ESTIMATED TRAVEL AND ATTENDANCE EXPENSES PAYABLE PURSUANT TO 28 U.S.C. § 1783(b): | | | | | | $2,088.28 |

# EXHIBIT   4

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

_____

SECURITIES AND EXCHANGE COMMISSION, :
 :
   Plaintiff, :
 :
v. : Civil Action No.:  99-cv-06895
 :
 :
CHARLES RICHARD HOMA; SUNSET FINANCIAL : Hon. Ronald A. Guzman
SERVICES, LLC, C4T MANAGEMENT, INC., :
T/P FUNDING SERVICES, INC., :
 MICHAEL GAUSE, et al :
 :
 :
   Defendants, :
 :
_____

**ORDER**

   This cause, coming on for hearing on September 26, 2006 upon the petition of Mandell

Menkes LLC and certain of its attorneys to recover attorneys' fees and costs in representing Paul

M. Jones during the period of September 1, 2006 through September 21, 2006, due notice being

given, the parties submitting briefs and presenting oral argument, and the Court being otherwise

informed in the premises, for the reasons set forth in open court,

   **IT IS ORDERED** as follows:

   1.  The petition for fees and costs is granted in part and denied in part as follows:

    (a)    Mandell Menkes LLC shall be entitled to recover its fees and costs for the period of September 1, 2006 through September 21, 2006 in the total amount of $54,516 30 (the "Attorneys Fees").

    (b)    The above-referenced fees and costs shall be paid exclusively from the following individual retirement account numbered W95-025836 (the "IRA"):

> Banc of America Investment Services, Inc.
> NFS/FMTC Rollover IRA
> FBO Paul Morgan Jones
> 4525 Country Club Drive, #210
> Cape Coral, Florida 33904

and not from any assets in the receivership estate

    (c)    The IRA is unfrozen for purposes of satisfying the Attorneys Fees and Mandell Menkes LLC may liquidate the IRA for purposes of satisfying this Order.

Dated:_____

                       _____
                       Honorable Ronald A. Guzman
                       United States District Court Judge
                       Northern District of Illinois

Order prepared by:

Steven L. Baron (ARDC # 6200868)
Stephen J. Rosenfeld (ARDC # 621679)
Brendan J. Healey (ARDC # 6242374)
Mandell Menkes LLC
333 West Wacker Drive
Suite 300
Chicago, IL 60606
(312) 251-1000

*Attorneys for Paul M. Jones*

Page 1

1                    IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
2                            EASTERN DIVISION

3

4    SECURITIES AND EXCHANGE COMMISSION,       )
                                               )
5              Plaintiff,                       )
                                               )
6       -vs-                                    ) No. 99-CV-06895
                                               )
7    CHARLES RICHARD HOMA; SUNSET FINANCIAL    )
     SERVICES, LLC, C4T MANAGEMENT, INC.,      )
8    et al.,                                    )
                                               )
9              Defendants,                      )              ORIGINAL
                                               )
10      -and-                                   )
                                               )
11   LINDY L. GAUSE, LINDA L. NICHOLS           )
     AND NICHOLS AND ASSOCIATES,                )
12                                              )
               Relief Defendants.               )
13

14

15             The scheduled deposition of CARIBBEAN VENTURES

16   INTERNATIONAL, INC., called by the Plaintiff for

17   examination, pursuant to the Rules of Civil Procedure for

18   the United States District Courts pertaining to the

19   taking of depositions, taken before Marguerite M. Cimms,

20   a Certified Shorthand Reporter and Notary Public within

21   and for the County of Cook and State of Illinois, at

22   Suite 2800, 321 North Clark Street, Chicago, Illinois, on

23   the 29th day of November 2006, at the hour of 9:50 a.m.

24
                    TALAMO COURT REPORTERS, INC.

Page 2

1    A P P E A R A N C E S :

2

3         SECURITIES AND EXCHANGE COMMISSION
          (175 West Jackson Boulevard, Suite 900
4         Chicago, Illinois  60604
          Tel. 312.353.7390), by
5         MR. STEVEN LEVINE,

6             On behalf of the Plaintiff;

7

          FOLEY & LARDNER
8         (321 North Clark Street, Suite 2800
          Chicago, Illinois 60610
9         Tel. 312.832.4500
          Fax. 312.832.4700), by
10        MR. DANIEL CORDIS,

11            On behalf of Caribbean Ventures
              International Inc.
12

13

14    ALSO PRESENT:

15        Mr. Scott Hlavacek.

16

17

18

19

20

21

22

23

24

Page 3

1          MR. LEVINE:  This is the deposition of Caribbean

2    Ventures International, Inc., being conducted pursuant to

3    subpoena served on Caribbean Ventures International, Inc.

4    and pursuant to Court order entered on November 14, 2006.

5               It is the SEC's understanding that Caribbean

6    Ventures International, Inc. will not be presenting a

7    witness today to testify on behalf of this entity.  We

8    ask for counsel for Caribbean Venture International

9    Inc.'s concurrence with that view.

10         MR. CORDIS:  Caribbean Ventures International, Inc.

11   is not producing a director, officer or shareholder for

12   deposition today.

13         MR. LEVINE:  We understand that counsel for

14   Caribbean Ventures International, Inc. has some

15   objections it wishes to put on the record, so we would

16   like to give them the opportunity to do so now.

17         MR. CORDIS:  This is Dan Cordis from Foley & Lardner

18   on behalf of Caribbean Ventures International, Inc.,

19   which I will refer to as CVI 2.

20              For the record, CVI 2 objects to these

21   proceedings in general, and in particular the subpoenas

22   issued pursuant to Federal Rule of Civil Procedure 45 and

23   28 USC Section 1783 on the following grounds:

24              The Northern District of Illinois lacks
                    TALAMO COURT REPORTERS, INC.

Page 4

1    personal jurisdiction over CVI 2 and any of its officers

2    and directors.  These proceedings are void for lack of

3    jurisdiction, as they were initiated on the basis of

4    ex parte false statements made by the receiver and the

5    government.

6           We have attempted to engage in discovery by

7    deposing the government's affiant, Mr. Scott Hlavacek, to

8    test the factual assertions made in his declaration

9    submitted in this case.  The Court has not permitted us

10   to do so to date.

11          CVI 2 also objects to the subpoenas issued

12   pursuant to 28 USC Section 1783 on the ground that the

13   Court must find it is not possible to obtain, in

14   admissible form, the testimony of a national or resident

15   of the United States located in a foreign country without

16   that individual's personal appearance.

17          In this case, it was and is possible to obtain

18   the testimony of CVI 2's shareholders, officers and

19   directors, the Pollocks, without their personal

20   appearance in Chicago.  The Pollocks have offered to do

21   the following via declarations to the Court:

22          Respond to written interrogatories submitted by

23   the receiver; make themselves available in St. Lucia

24   where they reside for telephonic deposition; make
                    TALAMO COURT REPORTERS, INC.

Page 5

1    themselves available in St. Lucia for a combination

2    telephonic and videotaped deposition; and make themselves

3    available in person in St. Lucia for deposition should

4    the receiver wish to travel there.

5              Moreover CVI 2 has stipulated to the

6    admissibility of any statements made by its officers and

7    directors that would be made under any of these proposed

8    alternatives.  This position is supported by case law

9    cited in CVI 2's reply in support of its emergency motion

10   to dismiss.

11             Finally, the subpoenas at issue here are not

12   enforcible or valid because neither the receiver nor the

13   government has tendered funds to CVI 2 to cover expenses

14   of their shareholders and directors relating to their

15   attendance at this deposition.

16             This requirement of both 28 USC Section 1783

17   and Federal Rule of Civil Procedure 45 has not been

18   satisfied, and as a result, the subpoenas are invalid and

19   unenforceable.

20       MR. LEVINE:  The SEC notes that most of the

21   objections being made today have previously been made to

22   the District Court and ruled on by the District Court.One

23   specific objection we would like to clarify for the

24   record relates to the deposition of Scott Hlavacek.
                    TALAMO COURT REPORTERS, INC.

Page 6

1    Scott Hlavacek was willing to make himself available.

2    The Court did indicate that Mr. Hlavacek did not need to

3    be deposed unless and until Caribbean Ventures

4    International, Inc. produced one or more witnesses for

5    testimony.  And no deposition notice was ever served on

6    Mr. Hlavacek.

7         As far as the substance of the objections made,

8    we anticipate that these will be matters taken up by the

9    Court in due course.  And this concludes, as far as the

10   SEC is -- oh, one other thing to note for the record

11   today is that no documents have been produced by

12   Caribbean Ventures International, Inc. pursuant to the

13   subpoena, despite a rider which calls for the production

14   of documents.

15        And we just ask counsel for Caribbean Ventures

16   International, Inc. that no documents in fact have been

17   produced pursuant to the subpoena by Caribbean Ventures

18   International, Inc.

19      MR. CORDIS:  No documents have been produced

20   pursuant to the subpoena.  To the best of my knowledge,

21   the shareholders and directors and officers of CVI 2 have

22   produced all documents requested to date in their

23   possession with the exception of documents requested by

24   this subpoena.

                 TALAMO COURT REPORTERS, INC.

Page 7

1          MR. LEVINE:   This concludes the deposition, at least

2     for the time being, of Caribbean Ventures International,

3     Inc.

4          MR. CORDIS:   Okay.   I just will reiterate that I'd

5     like to preserve the objections stated earlier.   We're

6     back on the record just to put into the record Exhibit C,

7     which is a copy of the form of subpoena that was served

8     on Caribbean Ventures International, Inc.

9                         (Whereupon, a document was marked as

10                        Deposition Exhibit No. C

11                        for identification.)

12         MR. LEVINE:   It is marked Exhibit C and now

13    introduced.

14                   (Which were all the proceedings had in

15                   the above matter on this date.)

16

17

18

19

20

21

22

23

24

Page 8

1    STATE OF ILLINOIS     )
                           )   SS:
2    COUNTY OF C O O K     )

3

4

5           I, Marguerite M. Cimms, a Notary Public within

     and for the County of Cook and State of Illinois, and a
6
     Certified Shorthand Reporter of the State of Illinois, do
7
     hereby certify that I reported in shorthand the
8
     proceedings had at the taking of said hearing, and that
9
     the foregoing is a true, complete, and correct transcript
10
     of my shorthand notes so taken as aforesaid, and contains
11
     all the proceedings given at said hearing.
12
            In witness whereof, I have hereunto set my
13
     hand and affixed my notarial seal this 1st day of
14
     December, 2006.
15

16                  Notary Public, Cook County, Illinois
17                  C S.R. License No. 84-3009

18

19

20

21

22

23

24

Page 1

```
 1              IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3

 4   SECURITIES AND EXCHANGE COMMISSION,      )
                                              )
 5              Plaintiff,                     )
                                              )
 6       -vs-                                  ) No. 99-CV-06895
                                              )
 7   CHARLES RICHARD HOMA; SUNSET FINANCIAL )
     SERVICES, LLC, C4T MANAGEMENT, INC.,      )
 8   et al.,                                   )        ORIGINAL
                                              )
 9              Defendants,                    )
                                              )
10       -and-                                 )
                                              )
11   LINDY L. GAUSE, LINDA L. NICHOLS          )
     AND NICHOLS AND ASSOCIATES,               )
12                                             )
                Relief Defendants.             )
13

14

15              The scheduled deposition of KELLY POLLOCK,

16   called by the Plaintiff for examination, pursuant to the

17   Rules of Civil Procedure for the United States District

18   Courts pertaining to the taking of depositions, taken

19   before Marguerite M. Cimms, a Certified Shorthand

20   Reporter and Notary Public within and for the County of

21   Cook and State of Illinois, at Suite 2800, 321 North

22   Clark Street, Chicago, Illinois, on the 29th day of

23   November 2006, at the hour of 9:40 a.m.

24              TALAMO COURT REPORTERS, INC.
```

Page 2

1    A P P E A R A N C E S:

2

3        SECURITIES AND EXCHANGE COMMISSION
         (175 West Jackson Boulevard, Suite 900
4        Chicago, Illinois  60604
         Tel. 312.353.7390), by
5        MR. STEVEN LEVINE,

6            On behalf of the Plaintiff;

7

         FOLEY & LARDNER
8        (321 North Clark Street, Suite 2800
         Chicago, Illinois 60610
9        Tel. 312.832.4500
         Fax. 312.832.4700), by
10       MR. DANIEL CORDIS,

11           On behalf of Caribbean Ventures
             International Inc.
12

13

14   ALSO PRESENT:

15       Mr. Scott Hlavacek.

16

17

18

19

20

21

22

23

24        REPORTED BY MARGUERITE M. CIMMS, C.S.R.
             TALAMO COURT REPORTERS,  INC.

Page 3

1      MR. LEVINE:  This is the deposition of Kelly Pollock

2  pursuant to subpoena served on Ms. Pollock and pursuant

3  to order of the Court, dated November 14, 2006.  The

4  subpoena will be marked Exhibit B and which I now tender

5  to the court reporter.

6                    (Whereupon, a document was marked

7                    Deposition Exhibit No. B

8                    for identification.)

9      MR. LEVINE:  It was served on Ms. Pollock pursuant

10  to the Court's order.  Miss Pollock is not here this

11  morning, and it is our understanding from counsel from

12  Caribbean Ventures International, Inc. that she will not

13  be appearing for this deposition.  We merely ask counsel

14  to confirm that on the record.

15      MR. CORDIS:  Kelly Pollock, as a shareholder,

16  officer and director of Caribbean Ventures International,

17  Inc. will not be appearing today.

18      MR. LEVINE:  We also note for the record that the

19  subpoena attached a rider requesting documents from

20  Miss Pollock and that no documents have been produced to

21  date pursuant to the subpoena.  And we merely ask counsel

22  whether or not it has received or knows of the production

23  of any documents pursuant to the subpoena.

24      MR. CORDIS:  Pursuant to the subpoena, no documents
                    TALAMO COURT REPORTERS, INC.

Page 4

1    have been produced to date.  To my knowledge, all

2    documents relating to Caribbean Ventures International,

3    Inc. have been produced to the best of my knowledge, but

4    not pursuant to the subpoena.

5        MR. LEVINE:  I understand that counsel for Caribbean

6    Ventures International, Inc. has some objections to this

7    deposition that he would like to read into the record.

8        MR. CORDIS:  My name is Dan Cordis from Foley &

9    Lardner on behalf of Caribbean Ventures International,

10    Inc., which I will refer to as CVI 2.

11        For the record, CVI 2 objects to these

12    proceedings in general, and in particular the subpoenas

13    issued pursuant to Federal Rule of Civil Procedure 45 and

14    28 USC Section 1783 on the following grounds:

15        The Northern District of Illinois lacks

16    personal jurisdiction over CVI 2 and any of its officers

17    and directors.  These proceedings are void for lack of

18    jurisdiction, as they were initiated on the basis of

19    ex parte false statements made by the receiver and the

20    government.

21        We have attempted to engage in discovery by

22    deposing the government's affiant, Mr. Scott Hlavacek, to

23    test the factual assertions made in his declaration

24    submitted in this case.  The Court has not permitted us

Page 5

1    to do so to date.

2         CVI 2 also objects to the subpoenas issued

3    pursuant to 28 USC Section 1783 on the ground that the

4    Court must find it is not possible to obtain, in

5    admissible form, the testimony of a national or resident

6    of the United States located in a foreign country without

7    that individual's personal appearance.

8         In this case, it was possible and is possible

9    to obtain the testimony of CVI 2's shareholders, officers

10   and directors, the Pollocks, without their personal

11   appearance in Chicago.  The Pollocks have offered to do

12   the following via declarations to the Court:

13        Respond to written interrogatories submitted by

14   the receiver; make themselves available in St. Lucia

15   where they reside for telephonic deposition; make

16   themselves available in St. Lucia for a combination

17   telephonic and videotaped deposition; and make themselves

18   available in person in St. Lucia for deposition should

19   the receiver wish to travel there.

20        Moreover CVI 2 has stipulated to the

21   admissibility of any statements that would be made by its

22   officers and directors under any of these proposed

23   alternatives.  This position is supported by case law

24   cited in CVI 2's reply in support of its emergency motion
                    TALAMO COURT REPORTERS, INC.

Page 6

1    to dismiss.

2              Finally, the subpoenas at issue here are not

3    enforcible or valid because neither the receiver nor the

4    government has tendered funds to CVI 2 to cover expenses

5    related to the Pollocks' attendance at this deposition.

6              This requirement of both 28 USC Section 1783

7    and Federal Rule of Civil Procedure 45 has not been

8    satisfied, and as a result, the subpoenas are invalid and

9    unenforceable.

10    MR. LEVINE:  Counsel for the SEC notes these

11    objections.  Further notes that most of these objections

12    have previously been addressed, made to the Court and

13    addressed by the Court.  Further notes that with respect

14    to SEC's staff accountant, Scott Hlafacek, no notice of

15    deposition was ever served.

16              And while Mr. Hlafacek has made himself

17    available for deposition, the Court has indicated that no

18    deposition need be taken of Mr. Hlafacek until and unless

19    Caribbean Ventures International, Inc. tenders one or

20    more persons for deposition itself.  As far as the

21    substance of the objections made today are concerned,

22    these will obviously be taken up by the Court at an

23    appropriate time.

24              This concludes, as far as the SEC is
                    TALAMO COURT REPORTERS, INC.

Page 7

1    concerned, this deposition for the time being, unless

2    counsel for Caribbean Ventures International has

3    something to add to the record.

4            MR. CORDIS:  I just wish to reiterate that we

5    preserve our objections previously stated.

6                (Which were all the deposition proceedings had

7                in the above matter on this date.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Page 8

1    STATE OF ILLINOIS    )
                           )  SS:
2    COUNTY OF C O O K    )

3

4

5         I, Marguerite M. Cimms, a Notary Public within

and for the County of Cook and State of Illinois, and a
6
Certified Shorthand Reporter of the State of Illinois, do
7
hereby certify that I reported in shorthand the
8
proceedings had at the taking of said hearing, and that
9
the foregoing is a true, complete, and correct transcript
10
of my shorthand notes so taken as aforesaid, and contains
11
all the proceedings given at said hearing.
12
          In witness whereof, I have hereunto set my
13
hand and affixed my notarial seal this 1st day of
14
December, 2006.
15
16
          Notary Public, Cook County, Illinois
17        C.S.R. License No. 84-3009

18

19

20

21

22

23

24

Page 1

1                  IN THE UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF ILLINOIS
2                            EASTERN DIVISION

3

4    SECURITIES AND EXCHANGE COMMISSION,      )
                                              )
5                 Plaintiff,                  )
                                              )
6       -vs-                                  ) No. 99-CV-06895
                                              )
7    CHARLES RICHARD HOMA; SUNSET FINANCIAL   )
     SERVICES, LLC, C4T MANAGEMENT, INC.,     )
8    et al.,                                  )       ORIGINAL
                                              )
9                 Defendants,                 )
                                              )
10      -and-                                 )
                                              )
11   LINDY L. GAUSE, LINDA L. NICHOLS         )
     AND NICHOLS AND ASSOCIATES,              )
12                                            )
                  Relief Defendants.          )
13

14

15             The scheduled deposition of DAVID A. POLLOCK,

16   called by the Plaintiff for examination, pursuant to the

17   Rules of Civil Procedure for the United States District

18   Courts pertaining to the taking of depositions, taken

19   before Marguerite M. Cimms, a Certified Shorthand

20   Reporter and Notary Public within and for the County of

21   Cook and State of Illinois, at Suite 2800, 321 North

22   Clark Street, Chicago, Illinois, on the 29th day of

23   November 2006, at the hour of 9:30 a.m.

24                   TALAMO COURT REPORTERS, INC.

Page 2

```
 1    A P P E A R A N C E S:

 2

 3         SECURITIES AND EXCHANGE COMMISSION
           (175 West Jackson Boulevard, Suite 900
 4         Chicago, Illinois  60604
           Tel. 312.353.7390), by
 5         MR. STEVEN LEVINE,

 6             On behalf of the Plaintiff;

 7

           FOLEY & LARDNER
 8         (321 North Clark Street, Suite 2800
           Chicago, Illinois 60610
 9         Tel. 312.832.4500
           Fax. 312.832.4700), by
10         MR. DANIEL CORDIS,

11             On behalf of Caribbean Ventures
               International Inc.

12

13

14    ALSO PRESENT:

15         Mr. Scott Hlavacek.

16

17

18

19

20

21

22

23

24         REPORTED BY:  MARGUERITE M. CIMMS, C.S.R.
```

Page 3

1          MR. LEVINE:  This is the deposition of David Pollock

2     on November 29, 2006, scheduled for 9:30 a.m.  This

3     deposition has been ordered by the Court, and subpoenas

4     have been served on Mr. Pollock, who is currently, we

5     believe, residing in St. Lucia.

6               Mr. Pollock is not here.  And it is our

7     understanding, from counsel for Caribbean Ventures

8     International Inc., that Mr. Pollock will not be

9     appearing today.  But I will let counsel for CVI speak on

10    that subject.

11         MR. CORDIS:  Mr. Pollock, as a shareholder,

12    director and officer of Caribbean Ventures International,

13    Inc. is not appearing for the deposition today.

14         MR. LEVINE:  I'd like to mark as Exhibit A a copy of

15    the subpoena that was served on Mr. Pollock.

16                    (Whereupon, a document was marked

17                    Deposition Exhibit No. A for

18                    identification.)

19         MR. LEVINE:  I also note on the record that neither

20    the SEC nor the receiver has received any documents that

21    Mr. Pollock was required to produce pursuant to this

22    subpoena.  And we ask counsel for CVI whether or not it

23    has an understanding as to whether Mr. Pollock has

24    produced any documents, either to CVI or to counsel.
                    TALAMO COURT REPORTERS, INC.

Page 4

1          MR. CORDIS:  No documents pursuant to this subpoena

2     at issue today have been received to my knowledge by

3     counsel or CVI 2.  All documents relating to CVI 2 have

4     been produced to date.

5          MR. LEVINE:  And by CVI 2, do you mean Caribbean

6     Ventures International, Inc.?

7          MR. CORDIS:  Correct.

8          MR. LEVINE:  Given Mr. Pollock's failure to appear,

9     this deposition, at least for today, is concluded.

10          MR. CORDIS:  I want to put an objection on the

11     record.  Again my name is Dan Cordis from Foley &

12     Lardner.

13               For the record, Caribbean Ventures

14     International, Inc., which I will refer to as CVI 2,

15     objects to these proceedings in general, and in

16     particular the subpoenas issued here pursuant to Federal

17     Rule of Civil Procedure 45 and 28 USC Section 1783 on the

18     following grounds:

19               The Northern District of Illinois lacks

20     personal jurisdiction over CVI 2 and any of its officers

21     and directors.  These proceedings are void for lack of

22     jurisdiction, as they had been initiated on the basis of

23     ex parte false statements made by the receiver and the

24     government.
                    TALAMO COURT REPORTERS, INC.

Page 5

1          We have attempted to engage in discovery by

2     seeking to depose the government's affiant, Mr. Scott

3     Hlavacek, to test the factual assertions made in his

4     declaration submitted in this case.  The Court has not

5     permitted us to do so to date.

6          CVI 2 also objects to the subpoenas issued

7     pursuant to 28 USC Section 1783 on the ground that the

8     Court must find it is not possible to obtain, in

9     admissible form, the testimony of a national or resident

10    of the United States located in a foreign country without

11    that individual's personal appearance.

12          In this case, it was and is possible to obtain

13    the testimony of CVI 2's shareholders, officers and

14    directors, the Pollocks, without their personal

15    appearance in Chicago.  The Pollocks have offered to do

16    the following via declaration to the Court:

17          Respond to written interrogatories submitted by

18    the receiver; make themselves available in St. Lucia

19    where they reside for telephonic deposition; make

20    themselves available in St. Lucia for a combination

21    telephonic and videotaped deposition; and make themselves

22    available in person in St. Lucia for deposition should

23    the receiver wish to travel there.

24          Moreover CVI 2 has stipulated to the

Page 6

1    admissibility of any statements that would be made by its

2    officers and directors under any of these proposed

3    alternatives.  This position is supported by case law

4    cited in CVI 2's reply in support of its emergency motion

5    to dismiss.

6            Finally, the subpoenas at issue here are not

7    enforcible or valid because neither the receiver nor the

8    government has tendered funds to CVI 2 to cover expenses

9    related to the Pollocks' attendance at this deposition.

10           This requirement of both 28 USC Section 1783

11   and Federal Rule of Civil Procedure 45 has not been

12   satisfied, and as a result, the subpoenas are invalid and

13   unenforceable.  Thank you.

14       MR. LEVINE:  Counsel for the SEC notes these

15   objections, most of which have been previously raised and

16   addressed by the Court, and most of which will be raised

17   and addressed by the Court again.

18           We do note one thing for the record at this

19   time, which is that Mr. Hlavacek, the SEC's staff

20   accountant, was never served with a subpoena or a notice

21   and has made himself available for a deposition.  But the

22   Court had instructed that Mr. Hlavacek is not required to

23   give a deposition unless CVI presents a witness to

24   provide deposition testimony itself.

                 TALAMO COURT REPORTERS, INC.

Page 7

1           This concludes the deposition as far as the SEC

2    is concerned, subject obviously to motion practice

3    relating to the deposition and Mr. Pollock's lack of

4    appearance.

5           MR. CORDIS:  I state the same objections.

6              (Which were all the deposition proceedings had

7              in the above matter on this date.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Page 8

```
 1    STATE OF ILLINOIS    )
                           )    SS:
 2    COUNTY OF C O O K    )

 3

 4

 5         I, Marguerite M. Cimms, a Notary Public within

 6    and for the County of Cook and State of Illinois, and a

 7    Certified Shorthand Reporter of the State of Illinois, do

 8    hereby certify that I reported in shorthand the

 9    proceedings had at the taking of said hearing, and that

10    the foregoing is a true, complete, and correct transcript

11    of my shorthand notes so taken as aforesaid, and contains

12    all the proceedings given at said hearing.

13         In witness whereof, I have hereunto set my

14    hand and affixed my notarial seal this 1st day of

15    December, 2006.

16                        Marguerite M. Cimms

17                   Notary Public, Cook County, Illinois
                     C.S.R. License No. 84-3009

18

19

20

21

22

23

24
```

TALAMO COURT REPORTERS, INC.
(312) 641-3500

# EXHIBIT  3

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,   :
                                                     :
          Plaintiff,   :
                                                     :
v.   :
                                                     :
CHARLES RICHARD HOMA; SUNSET FINANCIAL   :   Civil Action No. 99-cv-06895
SERVICES, LLC, C4T MANAGEMENT, INC , et al ,   :   Hon  Ronald A  Guzman
                                                   :
          Defendants,   :
                                                   :
and   :
                                                   :
LINDY L  GAUSE, LINDA L  NICHOLS AND   :
NICHOLS AND ASSOCIATES,   :
                                                   :
          Relief Defendants   :

## SUPPLEMENTAL PROOF OF SERVICE

STATE OF MICHIGAN )
                 ) ss.
COUNTY OF KENT   )

     Kay Griffith Hammond, being first duly sworn, deposes and says that:

     1.  As documented by the *Affidavit of Service* of Graham Elliott of St. Lucia dated November 29, 2006, a copy of which is attached hereto as **Exhibit A** and incorporated herein by reference, attempts were made to personally serve David A. Pollock and Kelly Pollock at their residence in St Lucia with copies of the Court's November 14, 2006 *Order Authorizing Subpoenas Duces Tecum*, the *Subpoenas Duces Tecum* directed to David A  Pollock and Kelly Pollock, and Receivership Check No  5581 in the sum of US$2,088 28 for their estimated travel and attendance expenses, on November 17, 2006, November 20, 2006, November 24, 2006, November 28, 2006 and November 29, 2006, all attempts being unsuccessful

100902

2.    On December 7, 2006, service of copies of this *Second Supplemental Proof of Service* was accomplished upon all parties listed on the attached **Exhibit B**, by ECF as to Filing Users, and by facsimile, or, where applicable, by Federal Express or U S Mail, as to any party who is not a Filing User

Kay Griffith Hammond

Subscribed and sworn to before me
this 7th day of December, 2006

Casey L Smith, Notary Public
Muskegon County, Michigan
Acting in Kent County, Michigan
My Commission Expires:  08-07-2011

2

EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVSION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v | ) | |
| | ) | Civil Action № 99-CV-06895 |
| CHARLES RICHARD HOMA; SUNSEI FINANCIAL | ) | |
| SERVICES, LLC, C41 MANAGEMENT, INC, | ) | Hon Ronald A Guzman |
| T/P FUNDING SERVICES, INC | ) | |
| MICHAEL GAUSE, et al | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LINDY L. GAUSE, LINDA L. NICHOLAS AND | ) | |
| NICHOLAS AND ASSOCIATES | ) | |
| | ) | |
| Relief Defendants | ) | |
| | ) | |

## AFFIDAVIT OF SERVICE

I, **GRAHAM ELLIOTT** of Grand Riviere in the Quarter of Castries in Saint Lucia make oath and say as follows:

That I did on the following dates and times did **attempt** to serve Kelly Pollock of Villa Caribe, Seagrape Cresent Road, Gros Islet and David Pollock of Villa Caribe, Seagrape Cresent Road, Gros Islet with the below mentioned documents the following persons to wit:

| DATE | TIME |
|---|---|
| 17th November 2006 | 10:40 a.m |
| 20th November 2006 | 9:50 a m |
| 24th November 2006 | 1:00 p.m |
| 28th November 2006 | 9:00 a m |
| 29th November 2006 | 8:45 a m |

with the following document[s] to wit:

| NATURE OF DOCUMENT[S] | DATE |
|---|---|
| Order Authorizing Subpoenas Duces Tecum | 14th November 2006 |
| Subpoena Duces Tecum | 9th November 2006 |
| Subpoena Duces Tecum | 9th November 2006 |
| Receivership Check No 5581 in the sum of US$2,088 28 | |

SWORN TO AI *Vide fix*   )
Street in the City of Castries   )
in Saint Lucia this *29th*   )
day of November 2006   )
BEFORE ME:   )
   )
   )

GRAHAM ELLIOTT

JUSTICE OF THE PEACE

Maynard Hill, Castries
St Lucia, W I
JUSTICE OF THE PEACE

## EXHIBIT B

Frederick R. Ball
fiball@duanemorris.com

Lawrence M. Benjamin
lbenjamin@ngelaw.com
rwills@ngelaw.com

Trent P. Cornell
tcornell@stahlcowen.com

David J. Doyle
ddoyle@winston.com
ECF_CH@winston.com

Robert Groholski
Rgroholski@schwartzcooper.com
ldixon@schwartzcooper.com

Brendan J. Healey
bhealey@mandellmenkes.com
mcarney@mandellmenkes.com

Michael Moody
mmoody@akmlaw.com
firm@okmlaw.com

Daniel C. Murray
murrayd@jbltd.com

James R. Pranger
jpranger@chuhak.com

Eric S. Rein
rrein@scgk.com

Timothy M. Schank
tschank@vedderprice.com
ecfdocket@vedderprice.com

Steven L. Baron
sbaron@mandellmenkes.com
mdavid@mandellmenkes.com

Stephen S. Berkeley
sberkeley@ngelaw.com

Alan R. Dolinko
adolinko@robinsoncurley.com

David L. Doyle
ddoyle@vedderprice.com
bchizewski@vedderprice.com

David L. Hartsell
dhartsell@mcguirewoods.com

Douglas J. Lipke
dlipke@vedderprice.com

Terry F. Moritz
terry.moritz@goldbergkohn.com

Steven F. Pflaum
spflaum@mwe.com
rhatter@mwe.com

Theodore Poulos
ttpoulos@aol.com

Deborah A. Hogan
Deborah.Hogan@gldbergkoh.com

Hal J. Wood
hwood@hmblaw.com
lkozicki@hmblaw.com

Daniel J. Becka
dbecka@cherry-law.com
ucollins@cherry-law.com

Samuel D. Brooks
sam.brooks@usdoj.gov
leslie.steffen@usdoj.gov
Eileen.marutzky@usdoj.gov
usailn.ecfausa@usdoj.gov

Michael A. Kraft
mkraft@ufmc.com

Richard F. Linden
rlinden@okmlaw.com

Stephen J. Rosenfeld
srosenfeld@mandellmenkes.com
docket@mandellmenkes.com

Michael J. Silverman
mjsilverman@duanemorris.com

Douglas W. Van Essen
dwv@silveryanessen.com

W. Gordon Dobie
wdobie@winston.com
ECF_CH@winston.com

Ronald P. Kane
rkane@kfltd.com
nhenley@kfltd.com

Michael J. O'Rourke
morourke@okmlaw.com
firm@okmlaw.com

Daniel M. Cordis
dcordis@foley.com

Catherine L. Doyle
cdoyle@foley.com

David B. Goroff
dgoroff@foley.com
pmennen@foley.com

Robert M. Stephenson
stephenson@foley.com

Lawrence Victor Ashe
Zack Kosnitzky, P.A.
Bank of America Tower
100 S. E. 2nd St. Ste. 2800
Miami, FL 33131
Phone: (305) 539-8400
Fax: (305) 539-1307

Karen Lynn Black
Horwood, Marcus & Berk
180 N. La Salle St. Ste. 3700
Chicago, IL 60601
Phone: (312) 606-3200
Fax: (312) 606-3232

Raymond A. Boldt
209 E. Park Street
Mundelein, IL 60060
Tel: 847-566-3410
Fax: 847-566-3413

Robert J. Burson
Securities & Exchange Commission
175 W. Jackson St. Ste. 900
Chicago, IL 60604-2601
Phone: (312) 353-4947
Fax: (312) 886-8514

Daniel W. Carr
Dill Dill Carr
455 Sherman St. Ste. 300
Denver, CO  80203
Phone: (303) 777-3737
Fax: (303) 777-3823

Gregory J. Dean
Dean & Heimos, LLC
655 Broadway Ste. 750
Denver, CO  80203
Phone: (303) 831-8359
Fax: (303) 831-4186

Robert J. Kriss
Mayer, Brown, Rowe & Maw LLP
190 S. La Salle St.
Chicago, IL  60603
Phone: (312) 382-0600
Fax: (312) 701-7711

Steve Levine
Division of Enforcement
Securities and Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, IL  60604
Phone: (312) 353-4947
Fax: (312) 886-8514

William J. Sheppard
Sheppard, White, & Thomas
215 Washington St.
Jacksonville, FL  32202
Phone: (904) 356-9661
Fax: (904) 356-9667

John A. Christy
Schreeder, Wheeler & Flint
127 Peachtree St. N.E.
1600 Candler Building
Atlanta, GA  30303-1845
Phone: (404) 681-3450
Fax: (404) 681-1046

Cory Hohnbaum
Kennedy, Covington, Lobdell & Hickman
214 N. Tryon St. 47th Floor-Hearst Tower
Charlotte, NC  28202
Phone: (704) 331-7400
Fax: (704-331-7598

Courtney L. Livingston
PO Box 1152
Watertown, SD  57201
Phone: (605) 886-8845
(By Mail Service Only)

Michael S. Perse
Kluger, Peretz, Kaplan & Berlin
201 S. Biscayne Blvd
Ste. 1970 Miami Center
Miami, FL  33131
Phone: (305) 379-9000
Fax: (305) 379-3428

E. Britton Monroe
Lloyd, Gray & Whitehead, P.C.
2501 20th Place South
Birmingham, AL  35223
Phone: (205) 967-8822
Fax: (205-967-2380

Ron Russo
Herzfeld & Rubin
40 Wall Street
New York, NY 10005
Phone: (212) 344-5500
Fax: (212) 344-3333

Linda Nichols
3100 S Pennsylvania St
Englewood, CO 80110

Carl Schoeppl
Schoeppl & Burke
4800 N. Federal Highway Ste 207D
Boca Raton, FL 33431-5176
Phone: (561) 394-8301
Fax: (561) 394-3121

Charles E Dickerson
7041 Wild Iris Dr
Nashville, TN 37221

Michael Fuchs
U.S. Securities and Exchange Commission
450 5th Street, N W
Washington, D C 20549

Lindy Gause
271 Diamond Valley Pass
Canton, GA 30114-7133

Mark L. Horwitz
Horwitz & Fussell
17 East Pine Street
Orlando, FL 32801
Phone: 407-843-7733
Fax: 407-849-1321

Edward Garland
Garland Samuel Loeb
3151 Maple Dr. N.E.
Atlanta, GA 30305
Phone: (404) 262-2225
Fax: (404) 365-5041

G Bland Byrne III
Byrne, Moore & Davis, PC
3340 Peachtree Road, N E
Suite 1460, Tower Place 100
Atlanta, GA 30326
Phone: 404-364-1460
Fax: 404-266-7272

William Kruse
Law Offices of Kruse & Associates
1317 Silica Ave.
Sacramento, CA 95815
Phone: (916) 564-4800
Fax: (916) 564-4844

David R. Chambers
David R. Chambers, J D , L L M
2500 Regency Parkway
Cary, NC 27511-8549

Joseph Denson, Jr
5917 Mt Herman Church Rd
Durham, NC 27705
Phone: (919) 856-1401

Robert C Ellenburg                          Yvonne Owens
103 Nob Hill Road                           Owens & Assoicates, P C
Columbia, S C  29210                        PO Box A3515
                                            Chicago, IL  60690

David Pollock
Villa Caribe
Rodney Bay Village
Seagrape Cresent Rd
PO Box RB 2512
Gros Islet St  Lucia
West Indies
*(By Federal Express Only)*

# EXHIBIT  5

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v | : | Civil Action No : 99-cv-06895 |
| | : | |
| | : | |
| CHARLES RICHARD HOMA; SUNSET FINANCIAL | : | Hon Ronald A Guzman |
| SERVICES, LLC, C4I MANAGEMENT, INC , | : | |
| I/P FUNDING SERVICES, INC., | : | |
| MICHAEL GAUSE, et al | : | |
| | : | |
| | : | |
| Defendants, | : | |
| | : | |
| and | : | |
| | : | |
| LINDY L. GAUSE, LINDA L. NICHOLS AND | : | |
| NICHOLS AND ASSOCIATES, | : | |
| | : | |
| Relief Defendants | : | |

---

**ORDER OF DEFAULT AGAINST CARIBBEAN VENTURES INTERNATIONAL, INC.**

The Receiver, Phillip S Stenger, ("Receiver") having moved this Court on October 17,

2006 and November 1, 2006 ("Claim") for various relief against the Caribbean Ventures

International, Inc ("CVI II"), including a turnover of its assets, injunctive relief against the

dissipation or movement of its assets and his appointment as "receiver" over CVI II so its assets

can be liquidated; CVI II and its officers and alleged shareholders, David Pollock ("Pollock")

and Kelly Pollock having been ordered and subpoenaed to attend depositions on November 29,

2006, and having each violated that order and ignored the subpoenas; and the Receiver having moved this Court for a default on his Claim and relief requested in the Claim; and the Court having found good cause after a hearing on December 12, 2006;

**IT IS ORDERED** as follows:

1    CVI II and its two alleged shareholders and officers, David Pollock and Kelly Pollock—by failing to show—intentionally violated this Court's November 14, 2006 Order, and the resulting subpoenas, compelling their attendance at depositions that counsel for CVI II and the Receiver agreed were mutually convenient in Chicago, Illinois on November 29, 2006.

2.    As it did in its August 3, 2006 Opinion, the Court finds that David Pollock has a pattern and practice of ignoring this Court's orders; that by ignoring this Court's November 14, 2006 Order and resulting subpoenas, CVI II and Kelly Pollock having knowing and willfully joined his pattern and practice; and no that further judicial interest would be served in refusing to default CVI II at this time, because the Court expressly warned it in its November 14, 2006 Order that by failing to show or have its officers show for their depositions, it would be risking default, and yet CVI II violated the Order anyway

3.    Accordingly, CVI II has defaulted on the Receiver's Claim and the Court makes the following findings of fact as a result:

> (a)    Pollock incorporated CVI II in 2000 in Delaware at the time he was expecting to receive or had receive the initial payments from the sale of Banc Caribe, which was exclusively funded by Charles Richard Homa from C4I investor funds.

> (b)    At the time of incorporation, Pollock was the only officer, director and shareholder of CVI II.

2

(c)      The assets of CVI II are "Reel Time," a 32 foot, 1991 Luhrs pleasure boat; "Offshore Manor," a 36 foot, 1992 Sea Ray pleasure boat; and "Thunder," a 43 foot, 1992 Wellcraft pleasure boat, which were all purchased with C4I funds misappropriated by Pollock.

(d)      CVI II has no operations and no apparent creditors and no one claims to own an interest in it, except Pollock and his wife, Kelly.

(e)      In January of 2003, Pollock wanted to shield the assets of CVI II from possible attachment in this action. Accordingly, he conspired with his wife Kelly to attempt to dilute his shares in CVI II in order to show Kelly as the majority shareholder. Whatever consideration Kelly supposedly paid to CVI II or to Pollock for the additional shares was consideration that merely shifted assets within the marital estate that were misappropriated from C4I investors, and was merely designed to thwart possible collection in this matter. Indeed, Pollock continued to act as President of his Company. Kelly Pollock, Pollock and CVI II are estopped from denying that Pollock is the beneficial owner of CVI II.

(f)      CVI II is an asset of Pollock and its boats have value which could be realized and applied to the contempt Award, and it would thus be in the best interests of the Receivership Estate to appoint Phillip S. Stenger as Receiver of CVI II and to promptly liquidate the 3 boats to maximize the value of its assets to apply to the disgorgement ordered of Pollock by the Court in its August 3, 2006 Opinion.

(g)      Pollock has taken no steps to purge his contempt.

4       CVI II is ordered to turnover the boats above to the Receiver, who is directed to liquidate the assets and place them in the account created pursuant to Paragraph 6(j), below, where they shall be held until further order of the Court distributing such funds to investors injured in the C4 I Ponzi Scheme.

5.      The Receivership Estate would suffer irreparable harm and have no adequate legal remedy if CVI II's assets, which are movable boats, were moved from their current known location in St. Lucia or otherwise dissipated. Since the Receiver is marshalling assets pursuant to federal court order to remedy federal securities' law violations, an injunction would be in the public interests. As a result, CVI II and its officers, directors, shareholders, liquidators, receivers, those persons in active concert or participation with them, or any other person or entity who receives actual notice of such by personal service or otherwise, including domestic and international financial institutions, are permanently restrained and enjoined from moving, transferring, selling, assigning, encumbering, pledging, dissipating, concealing or otherwise disposing of in any manner any funds, assets or other property belonging to, or in the possession, custody or control of, CVI II.

6.      Phillip S. Stenger is appointed Receiver ("Receiver") for the Receivership Property, as that term is defined herein, for the benefit of investors, to marshal, conserve, protect, hold funds, operate and, with the approval of the Court, dispose of any assets constituting the Receivership Property. The "Receivership Property" shall include all assets of any nature, wherever those assets may be located, of CVI II. The Receiver shall have the following powers and duties to fulfill his obligations:

    (a.)    Oversee the operations of the corporate Receivership Property;

4

(b.)    Use reasonable efforts to determine the nature, location and value of all assets and property owned by or in the possession of CVI II and its board member and President, Pollock, and the Receivership Property.

(c.)    Engage and employ the law firm of Stenger & Stenger, P.C., and, with the approval of the Court, any individuals or entities the Receiver deems necessary to assist in his duties ("Retained Personnel");

(d.)    Take such action as necessary and appropriate to prevent the dissipation or concealment of any funds and assets or for the preservation of any such funds and assets of the Receivership Property including, but not limited to, any steps necessary to procure or apply the voting shares of CVI II.

(e.)    The Receiver shall have the authority to issue subpoenas to compel testimony of persons or production of records in a manner consistent with the Federal Rules of Civil Procedure and the Rules of the Court concerning any subject matter relating to the identification, preservation, collection or liquidation of assets of the Receivership Property.

(f.)    The Receiver may bring such legal actions based on law or equity in any state, federal or foreign court as he deems necessary or appropriate in discharging his duties as receiver on behalf of the estate or on behalf of investors whose interests he is protecting;

(g.)    The Receiver, along with any Retained Personnel, is entitled to reasonable compensation and expense reimbursement from the Receivership Property. Such compensation shall be in amounts commensurate with the services performed by the Receiver and Retained Personnel and shall be

5

subject to the approval of the Court. The Receiver and Retained Personnel shall apply to the Court for such compensation and expense reimbursement.

(h) The Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary duties and obligations in this matter unless and until this Court so orders.

(i) The Receiver and his Retained Personnel are entitled to rely on all outstanding rules of law and court orders and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree, including those issued or passed in foreign jurisdictions. In no event shall the Receiver or his Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or counsel for the Receiver, nor shall the Receiver or his Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that he or they acted or failed to act as a result of misfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

(j) The Receiver shall establish a bank account at Fifth Third in Grand Rapids, Michigan, in the name of Phillip S. Stenger, Receiver for "David Pollock." That account shall be frozen and remain frozen until further order of this Court and shall be established for the purpose of receiving and holdings funds and assets marshaled from the Receivership Property.

(k) CVI II, David Pollock and their attorneys and employees are required to assist the Receiver in fulfilling his obligations and duties  As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

(l.) From time to time upon the application of the Receiver, the Court shall reissue this Order and upon application of the Receiver may amend this Order

Dated: December 19, 2006                     So entered:

_____

Honorable Ronald A  Guzman
United States District Court Judge
Northern District of Illinois

## EXHIBIT B

**Temporary Restraining Order**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,          :
                                             :
                    Plaintiff,               :
v.                                           :
                                             :
CHARLES RICHARD HOMA; SUNSET FINANCIAL       :
SERVICES, LLC, C4I MANAGEMENT, INC.,         :
I/P FUNDING SERVICES, INC., MICHAEL GAUSE    :
BILL J. SHORT, II, JIMMY B. ROOF, ROBERT C.  :
ELLENBURG, STEVEN SHANE NICHOLS,             :
CHARLES EDWARD DICKERSON, PHILIP A.          :        Civil Action No.
SHARPTON, BILCIN ENTERPRISES, INC.,          :        99-cv-06895
JIMMY B. ROOF, LLC, R. ELLENBURG, LLC,       :        Hon. Ronald A. Guzman
et al.,                                      :
                                             :
                    Defendants,              :
and                                          :
LINDY L. GAUSE, LINDA L. NICHOLS AND         :
NICHOLS AND ASSOCIATES,                      :
                                             :
                    Relief Defendants.       :

## TEMPORARY RESTRAINING ORDER, ORDER APPOINTING PHILLIP S. STENGER AS TEMPORARY RECEIVER FOR CARRIBEAN VENTURES INTERNATIONAL, INC., AND ORDER TO SHOW CAUSE

This cause coming to be heard on the verified emergency motion of Phillip S. Stenger,

Receiver for Charles Richard Homa and his affiliated entities in the captioned matter, for an *ex*

*parte* temporary restraining order to freeze the assets of Caribbean Ventures International, Inc.,

to appoint Mr. Stenger as temporary receiver for Caribbean Ventures International, Inc., and to

show cause why a preliminary injunction should not be granted pursuant to Rule 65(b) of the

Federal Rules of Civil Procedure (the "Ex Parte Motion"), and the Court having considered the

verified Ex Parte Motion, the memorandum in support of such motion, the Declaration of Scott

Hlavacek and all of the exhibits submitted in connection therewith, and having otherwise been fully advised in the premises, finds:

1.    That this Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction over all parties hereto;

2.    That there is good cause to believe that the Receiver will ultimately succeed in establishing that contemnor David Pollock ("Pollock") will not voluntarily pay the approximate $6.8 million unsatisfied balance on the contempt Award entered against Pollock by this Court on August 3, 2006;

3.    That there is good cause to believe that the Receiver will ultimately succeed in establishing that Pollock is a board member and President of Caribbean Ventures International, Inc., a Delaware corporation that is controlled by Pollock, and that Pollock deposited the proceeds at issue in the contempt proceeding into an account in the name of Caribbean Ventures International, Inc.;

4.    That there is good cause to believe that the Receiver will ultimately succeed in establishing that Caribbean Ventures International, Inc., is the registered owner of three boats ("Reel Time," a 32 foot, 1991 Luhrs pleasure boat; "Offshore Manor," a 36 foot, 1992 Sea Ray pleasure boat; and "Thunder," a 43 foot, 1992 Wellcraft pleasure boat), and possible other assets, which may have value that could be realized and applied to the contempt Award;

5.    That there is good cause to believe that the boats (and perhaps other assets) owned by Caribbean Ventures International, Inc., may have value which could be realized and applied to the contempt Award, and it thus in the best interest of the Receivership Estate to appoint Phillip S. Stenger as Temporary Receiver of Caribbean Ventures International, Inc., to protect its rights and to maximize the value of its assets to apply to the Award;

6      That, as specifically found in this Court's August 3, 2006 contempt opinion, Pollock previously has, intentionally and with considerable dispatch, moved to dissipate and place assets beyond the Court's reach in reaction to what is happening in the instant case;

7.     That the Receiver has not provided notice of his Ex Parte Motion and there is good reason for relieving him of the duty to provide prior notice, because there is good cause to believe that, unless immediately restrained and enjoined by Order of this Court, Pollock will very probably, and quickly, move to dissipate, conceal, sell to innocent third parties, or otherwise place the assets of Caribbean Ventures International, Inc. beyond the Court's reach

8.     That weighing the equities and considering the Receiver's likelihood of ultimate success, a temporary restraining order requiring an immediate asset freeze and other equitable relief is in the public interest;

10.    That no security is required because the Receiver is an officer of this Court, duly appointed by it pursuant to the request of the Securities and Exchange Commission, and hence qualifies as an "officer" of the United States as that term is used in Rule 65(c); and

11.    That, therefore, the Ex Parte Motion should be, and is, **GRANTED**.

Accordingly, the Court orders as follows:

## I. ASSET FREEZE

**IT IS FURTHER ORDERED** that Caribbean Ventures International, Inc., and its officers, directors, liquidators, receivers, those persons in active concert or participation with them, or any other person or entity who receives actual notice of such by personal service or otherwise, including domestic and international financial institutions, are temporarily restrained and enjoined from transferring, selling, assigning, encumbering, pledging, dissipating,

concealing or otherwise disposing of in any manner any funds, assets or other property belonging to, or in the possession, custody or control of, Caribbean Ventures International, Inc

## II.  PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Caribbean Ventures International, Inc , its officers, directors and agents, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, writing over, or otherwise disposing of, in any manner, directly or indirectly, any documents or records of any kind that relate in any way to the assets, business, business practices, and finances of Caribbean Ventures International, Inc , and/or Pollock

## III.  SERVICE OF ORDER

**IT IS FURTHER ORDERED** that the Receiver's agents or employees may serve this Order upon any financial institution, or other entity or person that may have possession, custody, control, or knowledge of any documents or assets of Caribbean Ventures International, Inc , or any other entity or person that may be otherwise subject to any provision of this Order, by delivering a copy of the Order by any means, including facsimile transmission and electronic mail, to any office, branch or location.

## IV.   APPOINTMENT OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Phillip S  Stenger is appointed Temporary Receiver (hereafter "Receiver") for the Receivership Property, as that term is defined herein, for the benefit of investors, to marshal, conserve, protect, hold funds, operate and, with the approval of the Court, dispose of any assets constituting the Receivership Property.   The Receivership

4

Property shall include all assets of any nature, wherever those assets may be located, of Caribbean Ventures International, Inc.

**IT IS FURTHER ORDERED** that the Receiver shall have the following powers and duties to fulfill his obligations:

1    Oversee the operations of the corporate Receivership Property;

2.    Use reasonable efforts to determine the nature, location and value of all assets and property owned by or in the possession of Caribbean Ventures International, Inc., and its board member and President, Pollock, and the Receivership Property.

3.    Engage and employ the law firm of Stenger & Stenger, P.C., and, with the approval of the Court, any individuals or entities the Receiver deems necessary to assist in his duties ("Retained Personnel");

4.    Take such action as necessary and appropriate to prevent the dissipation or concealment of any funds and assets or for the preservation of any such funds and assets of the Receivership Property including, but not limited to, any steps necessary to procure the voting shares of Caribbean Ventures International, Inc.

5.    The Receiver shall have the authority to issue subpoenas to compel testimony of persons or production of records in a manner consistent with the Federal Rules of Civil Procedure and the Rules of the Court concerning any subject matter relating to the identification, preservation, collection or liquidation of assets of the Receivership Property.

6    The Receiver may bring such legal actions based on law or equity in any state, federal or foreign court as he deems necessary or appropriate in discharging his duties as receiver on behalf of the estate or on behalf of investors whose interests he is protecting;

5

7.    The Receiver, along with any Retained Personnel, is entitled to reasonable
compensation and expense reimbursement from the Receivership Property.  Such compensation
shall be in amounts commensurate with the services performed by the Receiver and Retained
Personnel and shall be subject to the approval of the Court.  The Receiver and Retained
Personnel shall apply to the Court for such compensation and expense reimbursement.

8    The Receiver shall not be required to post bond or give an undertaking of any
type in connection with his fiduciary duties and obligations in this matter unless and until this
Court so orders.

9.    The Receiver and his Retained Personnel are entitled to rely on all outstanding
rules of law and court orders and shall not be liable to anyone for their own good faith
compliance with any order, rule, law, judgment, or decree, including those issued or passed in
foreign jurisdictions  In no event shall the Receiver or his Retained Personnel be liable to
anyone for their good faith compliance with their duties and responsibilities as Receiver or
counsel for the Receiver, nor shall the Receiver or his Retained Personnel be liable to anyone for
any actions taken or omitted by them except upon a finding by this Court that he or they acted or
failed to act as a result of misfeasance, bad faith, gross negligence, or in reckless disregard of
their duties.

10    The Receiver shall establish a bank account at Fifth Third in Grand Rapids,
Michigan, in the name of Phillip S. Stenger, Receiver for Caribbean Ventures International, Inc.
That account shall be frozen and remain frozen until further order of this Court and shall be
established for the purpose of receiving and holdings funds and assets marshaled from the
Receivership Property

6

11      Caribbean Ventures International, Inc, Paul M. Jones, David Pollock and their attorneys and employees are required to assist the Receiver in fulfilling his obligations and duties. As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

12.     From time to time upon the application of the Receiver, the Court shall reissue this Order and upon application of the Receiver may amend this Order.

### V. DURATION OF TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order shall expire, pursuant to Fed.R.Civ.P. 6(a), on the tenth business day after issuance, i e, on October *27*, 2006, unless within such time, the Order, for good cause shown, is extended for an additional period not to exceed ten (10) business days pursuant to Rule 6(a), or unless it is further extended with the consent of the parties.

### VI. ORDER TO SHOW CAUSE

**IT S FURTHER ORDERED** that pursuant to Fed.R.Civ.P. 65(b), Caribbean Ventures International, Inc. and Pollock shall appear before this Court in Courtroom 1219, at 219 S. Dearborn Street, Chicago, Illinois, on the *24* day of *October* 2006, at *2* o'clock *P.* m. (CDT), to show cause, if there is any, why this Court should not enter a preliminary injunction, pending final rule, enjoining any transfer, sale, assignment, encumbrance, pledge, dissipation, concealment or other disposal of, in any manner, any funds, assets or other property belonging to, or in the possession, custody or control of, Caribbean Ventures International, Inc, enjoining any destruction, erasure, mutilation, concealment, alteration, transferring, writing over, or otherwise disposing of, in any manner, directly or indirectly, any documents or records

7

of any kind that relate in any way to the assets, business, business practices, and finances of Caribbean Ventures International, Inc., and/or Pollock.

## VII. BINDING EFFECT

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon Caribbean Ventures International, Inc., and each of its officers, directors, agents, servants, employees, attorneys-in-fact and those persons in active concert or participation with it who receive actual notice of this Order by personal service, facsimile service, service in accordance with Section III of this Order, or otherwise.

## VIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes

**IT IS SO ORDERED.**

DATED this _17_ day of _October_ 2006, at _1:30_ o'clock _P_ m (CDT)

ENTER:

RONALD A. GUZMAN
U.S District Judge

8

## **EXHIBIT C**

**Appointment Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 99 C 6895 |
| v. | ) ) | |
| | ) | Judge Ronald A. Guzman |
| CHARLES RICHARD HOMA, et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |

## ORDER

## INTRODUCTION

From approximately 1995 through October 1999, Charles Richard Homa, with the

assistance of many others (collectively "the C4T entities"), operated one of the largest Ponzi

schemes in United States history.  In total, innocent investors were cheated out of approximately

$165 million before Homa was arrested and prosecuted by the FBI.  In addition to the criminal

prosecution, on October 15, 1999, Homa was sued civilly by the Securities and Exchange

Commission.  In the civil suit, the court appointed Phillip Stenger as receiver over the assets of

the C4T entities (the "Receivership Property" or "C4T assets").  The Receiver was tasked with

the function of identifying and marshaling all C4T assets for satisfaction of the judgments

against C4T entities and ultimately for distribution to the defrauded investors for whose benefit

the SEC lawsuit was filed.  In order to fulfill his mandate, the Receiver sought and obtained

1

court orders freezing all C4T assets. On October 15, 1999, the Honorable David Edelstein issued

the first Freeze Order which enjoined the C4T entities and those acting in concert with them,

including specifically Bank Caribe Ltd., from transferring property belonging to or in the

possession, custody, or control of the defendants. A second freeze order refining the original

order issued on October 18, 1999. In its bench opinion of August 3, 2006, this court found

David A. Pollock and Paul M. Jones in contempt for their actions which violated the court's

freeze orders. (8/3/06 Bench Op.)

The court found Pollock and Jones had conspired with Homa to establish Banc Caribe, an

off shore bank in Dominica, in order to move the proceeds from Homa's Ponzi scheme out of the

country and to thereafter redirect the same to their own personal use by laundering those

proceeds through investments with corporations and entities that they created and controlled.

(*Id.* 30, 35 n.16, 41.) Among other things, this court found that Pollock and Jones violated the

court's freeze orders by converting the deposits of the C4T entities in Bank Caribe Ltd.,

converting Homa's investment in the bank and then selling the bank and secreting the proceeds

of the sale and misappropriating C4T funds in the related companies "Caribe Realty" and

"Caribe Air" for a total misappropriation of $7.2 million.

The court also found that Pollock created Caribbean Ventures International, a Dominica

corporation, to be the holding company for the bank's equity. When the Bank was sold, Jones

initially deposited his share of the money into Caribbean Ventures International. Pollock's $2.5

million share of the proceeds of the sale of Bank Caribe Ltd. also went into Caribbean Ventures

International - an entity from which he then drew compensation. (*Id.* 47.) Pursuant to the

court's finding of contempt, Pollock and Jones were ordered to appear before the Court on

2

August 31, 2006 to provide a specific plan and timetable for the payment of the sum of $7.2 million.

Jones appeared on the appointed date, but he had no plan for payment of the money and offered no money in satisfaction of the judgment. He was subsequently incarcerated for a period of time to coerce his compliance with the award. Pollock intentionally failed to appear and a body attachment order was issued against him. He is currently a fugitive living in St. Lucia. To date, Jones has paid $612,953.83, while Pollock has paid nothing. A balance of approximately $6.6 million remains to be paid on the court's award. The proceedings currently before the court are the Receiver's continued attempts to enforce compliance with the court's previous order directing Pollock and Jones to pay $7.2 million.

## CURRENT PROCEEDINGS

On or about October 17, 2006, the Receiver filed a *Verified Ex Parte Motion for Temporary Restraining Order to Freeze Assets of Caribbean Ventures International Inc., to Appoint Philip S. Stenger As Temporary Receiver of Caribbean Ventures International Inc. and to Show Cause Why a Preliminary Injunction Should Not Be Granted.* That motion was subsequently superseded by the *Amended Verified Motion for Turnover Order, Injunctive Relief and to Freeze Assets of Caribbean Ventures International, Inc. and to Appoint Phillip S. Stenger as Receiver for Caribbean Ventures International, Inc.* The court granted an initial temporary restraining order enjoining Caribbean Ventures International, Inc. ("Respondent") and its officers, directors, shareholders, agents and employees from dissipating any assets owned by the

3

Respondent and appointing Philip Stenger as receiver of Caribbean Ventures International, Inc.
Thereafter, Caribbean Ventures International, Inc. appeared through counsel, admitted that
Pollock was part owner but asserted that his wife, Kelly Iverson Pollock, was controlling
shareholder of the Respondent. The Respondent also admitted holding title to the three boats
identified in the Receiver's petition and stipulated to the continuation of the temporary
restraining order pending a resolution of the merits of the Receiver's petition.

Caribbean Ventures International, Inc.'s counsel demanded discovery in preparation for
the evidentiary hearing on the merits of the Receiver's motion. However, at the same time, it
refused to produce either of its officers or directors or a Rule 30(b)(6) witness for depositions.
On November 14, 2006, the court authorized the issuance of subpoenas duces tecum to David
and Kelly Pollock pursuant to 28 U.S.C. § 1783 so that their interests and the source of funding
for their interests in Caribbean Ventures International, Inc. could be explored under oath in order
to determine the merits of the Receiver's motion which alleged that the assets of Caribbean
Ventures International, Inc., the three boats, were subject to seizure in order to satisfy the $7.2
million judgment against David A. Pollock and Paul M. Jones. The subpoenas issued on
November 15, 2006 and commanded David A. Pollock and Kelly Pollock to attend their
depositions scheduled for November 29, 2006 in Chicago, Illinois. Service was effected on
David Pollock and Kelly Pollock at their home in St. Lucia by fax on November 15, 2006 and on
Caribbean Ventures International, Inc. by Federal Express on February 16, 2006. A process
server personally appeared at the Pollock's residence, Villa Caribe, Seagrape Crescent Road,
Gros Islet, St. Lucia, WI on November 17, 20, 24, 28 and 29 and attempted personal service of
the court's order and the subpoenas and tender of the mileage check ordered by the court, but the

4

Pollocks refused to answer the door. Despite being served with the subpoenas and order,

Caribbean Ventures International, Inc. failed to produce any of its officers or any other Rule

30(b)(6) designee. David Pollock and Kelly Pollock likewise failed to appear for the deposition.

Instead, counsel for Caribbean Ventures International, Inc. appeared and conceded that his client

would not be presenting any witnesses to testify in response to the Court's subpoenas.


## ANALYSIS

The Supreme Court has held that:

> The paradigmatic coercive, civil contempt sanction, as set
> forth in *Gompers*, involves confining a contemnor indefinitely
> until he complies with an affirmative command such as an order
> "to pay alimony, *or to surrender property ordered to be turned
> over to a receiver, or to make a conveyance.*"

*Int'l Union, United Mine Workers of Am. v. Bagwell* 512 U.S. 821, 828 (quoting *Gompers v.

Buck's Stove & Range Co.*, 221 U.S. 418, 442 (1911)) (emphasis added). The Receiver's motion

to be appointed receiver of Pollock's assets in order to apply the same to the satisfaction of the

judgment of contempt against him is an appropriate form of enforcement of the court's award

against a judgment debtor.

Further, this court has ancillary jurisdiction to execute on an award of judgment even

where third parties are holding the judgment debtor's assets. *Peacock v. Thomas*, 516 U.S. 349

(1996); *Epperson v. Entertainment Express Inc.*, 242 F.3d 100, 104-05 (2d Cir. 2001); *see also

Natural Gas Pipeline Co. of Am. v. Fed. Power Comm'n*, 128 F.2d 481, 484 (7th Cir. 1942)

(stating that where a court has jurisdiction of a cause of action and the parties, it has jurisdiction

5

also of supplemental proceedings which are a continuation of or incidental to and ancillary to the former suit even though the court as a federal tribunal might not have had jurisdiction over the parties involved in the ancillary proceeding if it were an original action, *i.e.*, a federal court is not precluded from exercising ancillary jurisdiction over persons not parties to the judgment sought to be enforced.). In *Aetna Casualty and Surety Co. of Hartford, Connecticut v. Kerr-McGee Chemical Corp.*, the Seventh Circuit recognized the general rule stated in the Restatement (Second) of Judgments § 59 that a judgment against a shareholder is generally enforceable against a closely held corporation, except where to do so would prejudice the rights of another owner or creditor. 875 F.2d 1252, 1259 (7th Cir. 1989).

The choice of an appropriate discovery sanction is primarily the responsibility of the district court. *Patterson ex rel. Patterson v. Coca-Cola Bottling Co. Cairo-Sikeston, Inc.*, 852 F.2d 280, 283 (7th Cir. 1988). The Court of Appeals for the Seventh Circuit will affirm a dismissal of an action as a sanction if the record shows both a failure to comply with a discovery order and a showing of willfulness, bad faith or fault. *Id.* As to the Receiver's motion for default, the Court of Appeals for the Seventh Circuit has held that "a district court's action in dismissing a case with prejudice should not be reversed unless there has been an abuse of discretion." *See id.* Further, the Court of Appeals "will not set aside a trial court's discretionary order unless it is clear that no reasonable person could concur in the trial court's assessment of the issue under consideration." *Id.*

In response to the Receiver's motion to be appointed as receiver, Caribbean Ventures International, Inc. filed the *Declaration of Kelly Iverson Pollock on Behalf of Caribbean Ventures International, Inc., a Delaware Corporation*. In that declaration, Kelly Pollock

claimed to be the majority shareholder, Vice President and a director of Caribbean Ventures International Inc., a Delaware corporation. By that document, Caribbean Ventures International, Inc. denied the Receiver's allegation that the assets of Caribbean Ventures International, Inc. were owned by and in the possession and control of David Pollock and therefore subject to seizure by the Receiver in order to satisfy the outstanding judgment against David Pollock. In that document, Kelly Pollock, on behalf of Caribbean Ventures International, Inc., agreed to abide by the terms of the temporary restraining order and to litigate the resolution of the Receiver's petition in this court.

On October 24, 2006, Caribbean Ventures International, Inc.'s counsel indicated that the respondent corporation would produce Kelly Pollock for a deposition in Chicago prior to the November 2, 2006 hearing and would attempt to produce David Pollock as well. The Receiver thereafter noticed up the depositions of the Pollocks and also a Fed. R. Civ. P. 30(b)(6) deposition for the afternoon of October 31, 2006.

On October 30, 2006, Caribbean Ventures International, Inc., apparently regretting its prior representation, filed a motion for protective order pursuant to Fed. R. Civ. P. 30(b)(7) seeking an order that the deposition of its sole shareholders and corporate officers, David Pollock and Kelly Pollock, should be taken telephonically at St. Lucia in the West Indies. That motion was denied after a hearing on October 31, 2006 for the reasons articulated in open court. After the denial of the motion, in response to the court's question, counsel for Caribbean Ventures International, Inc. represented that the corporation would not voluntarily produce the Pollocks to be deposed. Thus, the stage was set for the Receiver's motion for sanctions on October 31, 2006. When the Receiver moved for sanctions, Caribbean Ventures International, Inc. responded

7

by moving to dismiss the Receiver's entire proceedings against it for lack of jurisdiction. After a full briefing, the motion to dismiss was denied.

As a final order to compel and a final opportunity to comply, on November 14, 2006, the court authorized the issuance of subpoenas compelling the depositions of Caribbean Ventures International, Inc., David Pollock and Kelly Pollock.[1] The court's order specifically placed Caribbean Ventures International, Inc., David Pollock and Kelly Pollock on notice that failure to comply with the subpoenas might cause a default to be entered against Caribbean Ventures International Inc., subjecting it to an asset turnover order, as well as injunctive and receivership relief. The subpoenas were returnable on November 29, 2006. The subpoenas were served as indicated above. In accord with the representations of counsel, however, Caribbean Ventures International, Inc. failed to produce a Rule 30(b)(6) designee, and David and Kelly Pollock both failed to appear. No one appeared in response to the subpoenas.

It is clear that Caribbean Ventures International, Inc., through its officers, directors and shareholders, has intentionally and willfully refused to comply with the court's discovery orders. As indicated in open court, and reaffirmed here, the court finds that without compliance to its deposition subpoenas, the Receiver is denied the ability to conduct crucial discovery going to the heart of the issues of its petition for appointment as receiver of Caribbean Ventures International, Inc. The Court further finds, that David Pollock and Kelly Pollock are the only sources with complete knowledge of the crucial facts concerning ownership and control of Caribbean

---

[1] The subpoenas were sought by the Receiver out of an abundance of caution. Even though Caribbean Ventures International, Inc. had agreed to produce Kelly Pollock for deposition and proceeded with its own discovery demands as if it were a party to the proceedings, in response to the Receiver's discovery requests it asserted that it was not a party to

Ventures International, Inc. and its assets and, therefore, that the deposition, in person, of both David Pollock and Kelly Pollock is absolutely essential to the preparation of the Receiver's case. For the reasons stated at the hearing on Respondent's motion for protective order, in this case, a telephonic deposition is not an adequate substitute for a deposition given in person. In addition, the Pollocks are the only persons in possession and control of crucial corporate records of the Respondent – records which they have selectively produced in filings with this court when they deemed it in their interest to do so (and which they claim will establish that Caribbean Ventures International, Inc. is not wholly owned and controlled by David Pollock) but which they now refuse to produce in response to the subpoenas duces tecum served upon them and the Respondent. The court can conceive of no lesser sanction than default that would cure the respondent's failure to comply with the court's discovery orders. Therefore, Caribbean Ventures International, Inc. is hereby declared to be in default and the allegations of the *Amended Verified Motion for Turnover Order, Injunctive Relief and To Freeze Assets of Caribbean Ventures International, Inc. and To Appoint Phillip S. Stenger as Receiver for Caribbean Ventures International, Inc.* are hereby taken as confessed by Caribbean Ventures International, Inc.

In addition to the assertions in the Receiver's amended verified motion (which are deemed admitted) and the documents submitted by the Receiver, corroboration for the assertions in the Receiver's pleadings that the assets of Caribbean Ventures International, Inc. are owned by, and in the possession custody and control of, David Pollock is also found in the various submissions, admissions and arguments of Caribbean Ventures International, Inc.'s counsel. These submissions are summarized below.

---

the proceedings and therefore not subject to being "noticed" for a deposition.

9

In support of its motion to dismiss for lack of personal jurisdiction, Caribbean Ventures International, Inc. has admitted that David Pollock is a shareholder and officer of Caribbean Ventures International, Inc., but it also asserts that Kelly Pollock, David Pollock's wife, purchased a majority share of Caribbean Ventures International, Inc. with her own personal funds. However, the documentation submitted by Respondent belies that assertion. The photocopy of the check produced by Respondent as proof of such a purchase is made payable to Caribbean Ventures International, not Caribbean Ventures International, Inc. Further, the check was deposited in the account of Caribbean Ventures International Ltd., a corporation which respondent in its argument before the court, insists is a totally separate and distinct entity from Caribbean Ventures International, Inc. In fact, respondent has argued that it is Caribbean Ventures International Ltd. that is the subject of the court's prior findings and should be the actual target of the Receiver's attempts to execute the court's disgorgement order against Pollock. Further, the check was never endorsed by Caribbean Ventures International, Inc., or even Caribbean Ventures International, but rather, by Banc Caribe. Thus, the benefit of the check was never received by Caribbean Ventures International, Inc. Furthermore, Banc Caribe, this Court has already determined, was owned and operated by David Pollock, Jones and Homa and used by them as a means of diverting and laundering the proceeds of the Cash 4 Titles Ponzi scheme. Even assuming that the check was bona fide, by giving it to Banc Caribe, Kelly Pollock, in effect, gave the check to her husband, David Pollock. Thus, from an inspection of the check itself, it is clear that this check was never cashed by Caribbean Ventures International, Inc. The most likely recipient of the funds was the endorser, Banc Caribe, or possibly the payee,

10

Caribbean Ventures International, but not the Respondent. In addition, Caribbean Ventures

International, Inc. has no evidence that it ever received any funds from Kelly Pollock. To

explain this lack of proof, Caribbean Ventures International, Inc.'s counsel has represented to the

court, both orally and in writing, that the Corporation has never had a bank account. However, if

indeed Kelly Pollock did actually pay the Respondent $100,000.00 for 1000 shares of stock as

she claims (quite a bargain given David Pollock's payment of $45 million for half that amount of

shares at the time of incorporation), there must be some documentation somewhere to show that

the money somehow inured to the benefit of Caribbean Ventures International, Inc. The money

could not simply have disappeared into thin air. The corporation must have utilized it somehow

and accounted for the receipt and expenditure. Yet Caribbean Ventures International, Inc. failed

to produce any such evidence. (11/6/06 Mem. Op. & Order 5.)

The court also considers photocopies of stock certificates submitted by Caribbean

Ventures International, Inc. in support of its motion to dismiss and as proof of Kelly Pollock's

purchase and ownership of a majority share of Caribbean Ventures International, Inc.'s stock.

As pointed out in great detail in the court's memorandum opinion denying the motion to dismiss

(*see id.*), the certificates of stock submitted by Caribbean Ventures International, Inc. to show

Kelly Pollock's ownership of its stock are actually certificates of ownership of stock in

Caribbean Ventures International Ltd., not Caribbean Ventures International, Inc. In addition,

the minutes of the Board of Directors' meetings of Caribbean Ventures International, Inc., also

submitted by it, do not reflect any authorization or sale or issuance or delivery of any of its

shares of stock to Kelly Pollock. Those records, such as they are, do establish that David Pollock

is the only person to whom the sale of shares of stock in Caribbean Ventures International, Inc.

11

was authorized; and the only person to have purchased such stock.

Additional support for the assertions in the Receiver's motion, which are now deemed admitted, is found in the minutes of the board of director's meetings of Caribbean Ventures International, Inc. submitted by the Respondent in support of its motion to dismiss for lack of jurisdiction. These records establish that Kelly Pollock was never elected to the board of directors of the Respondent. (*Id.* 7.) David Pollock, therefore, is the sole director and owner as well as the president of Caribbean Ventures International, Inc. As such, the corporation and all of its assets belong to him.


## CONCLUSION

For the foregoing reasons, the Court orders the respondent, Caribbean Ventures International, Inc., to turn over its assets to the Receiver. However, because the only person authorized to transfer ownership and control of those assets is David A. Pollock, and Mr. Pollock is a fugitive contemnor who has purposely placed himself outside the court's jurisdiction in order to avoid the court's enforcement powers, an order directing him to turn over all of the corporate stock and control of its assets is of little practical value by itself. Appointment of the Receiver as receiver of the corporate assets of Caribbean Ventures International, Inc. in order to allow him to apply the same to satisfy the court's judgment against David A. Pollock is appropriate and necessary in this case. The Court therefore appoints Phillip Stenger as receiver of the assets of Caribbean Ventures International, Inc. and directs him to take whatever legal steps are necessary

12

to take possession and control of all of the corporate assets and apply the same to satisfy the

outstanding balance of $6.6 million on the Court's August 3, 2006 judgment of $7.2 million.

Dated: March 5, 2007

**SO ORDERED**                          **ENTER:**

RONALD A. GUZMAN

**U.S. District Judge**

JS 44 (Rev. 11/05)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)    **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Securities & Exchange Commission | Charles Richard Homa et. al. |

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Sara Fazio, Stenger & Stenger P.C. 4095 Embassy Dr. S.E. Ste. A
Grand Rapids, MI 49546

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE
                                                                                                                                                                    HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☑ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO

JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

28 U.S.C. 754 Filing

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD    DATE 3/9/07

FOR OFFICE USE ONLY

AMOUNT _____    RECEIPT # _____    IFP _____

# STENGER & STENGER

A PROFESSIONAL LAW CORPORATION

PHILLIP S. STENGER
LEWIS G. MOSBURG, JR.*
KAY GRIFFITH HAMMOND
SARA E.D. FAZIO
HEATHER A. BELL**
JOSEPH S. SCHAEFER***

OF COUNSEL
LEE T. SILVER
DOUGLAS W. VAN ESSEN

4095 EMBASSY DRIVE, S.E.
SUITE A
GRAND RAPIDS, MICHIGAN 49546

WEB SITE: stengerlaw.com

TELEPHONE (616) 940-1190
FACSIMILE (616) 940-1192

March 9, 2007

INDIANA OFFICE
4040 SOUTH MERIDIAN STREET
INDIANAPOLIS, INDIANA 46217
TELEPHONE (317) 536-6196
FACSIMILE (317) 536-6211

*ALSO ADMITTED IN OKLAHOMA
**ALSO ADMITTED IN WISCONSIN
***ONLY ADMITTED IN INDIANA

PLEASE REPLY TO GRAND RAPIDS

## VIA FEDERAL EXPRESS

Clerk of the Court
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

U. S. DISTRICT COURT - DE
MISC. CASE # 07mc52

Re: *SEC v. Homa, et al.*
United States District Court for the Northern District of Illinois
Case No. 99-cv-6895

Dear Clerk:

Our client, Phillip S. Stenger, has been appointed receiver for Caribbean Ventures International, Inc. by Judge Guzman in the above-referenced action pending in the United States District Court for the Northern District of Illinois. Assets that belong to the entity in receivership, Caribbean Ventures International, Inc., may be located in the District of Delaware. Accordingly, enclosed for filing pursuant to 28 U.S.C. §754 please find a Notice of Receivership with a copy of the Complaint filed in the above-referenced matter, the Order Appointing Receiver for Caribbean Ventures International, Inc. and the Temporary Restraining Order.

Also enclosed please find a check in the amount of $39.00 payable to the United States District Court for the District Delaware for the miscellaneous civil filing fee. Once this document has been filed, please return one date-stamped copy to this office in the enclosed self-addressed, stamped envelope. Please note that we would appreciate the filing and return of this document as soon as possible, as the matter is time sensitive.

Thank you for your time and attention to this matter. If you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

**STENGER & STENGER, P.C.**

Sara E. D. Fazio

Enclosures